## 34041. COOK v. THE STATE.

HILL, Justice.

Joe B. Cook was found guilty of murder of his wife and was sentenced by the court to life in prison. One of his enumerations of error warrants discussion. He contends that it was a violation of Code Ann. § 59-718.1 to permit the jury to disperse during the presentation of the state's case in chief at the sentencing trial in this capital case.

The district attorney had given notice of aggravating circumstances and thus had given notice of the state's intention to seek the death penalty. However, when the jurors returned their verdict finding the defendant guilty, they were polled and then dismissed without a death sentencing trial. The court imposed the life sentence. It is not clear from the transcript at what point the state decided not to seek the death penalty. We therefore assume for purposes of this appeal that at the time of jury dispersal during presentation of the state's case the state was still seeking the death penalty.

A capital crime is one for which the death penalty may be imposed. Our Code law continues to prescribe that the death penalty may be imposed for some crimes (e.g., armed robbery, rape, kidnapping with bodily injury) which constitutional decisional law prescribes that the death penalty cannot be imposed where no death results. Coker v. Georgia, 433 U. S. 584 (97 SC 2861, 53 LE2d 982) (1977); *Collins v. State,* 239 Ga. 400 (2) (236 SE2d 759) (1977).

This difference between what the Code prescribes and the Constitution allows has created some confusion. We have held as follows:

(1) Convictions of rape, armed robbery and

kidnapping with bodily injury where no death results are not capital felonies for appellate jurisdictional purposes and appeals in such cases go to the Court of Appeals. *Collins v. State,* supra; but see *Stanley v. State,* 240 Ga. 341, 350 (241 SE2d 173) (1977); *Thomas v. State,* 240 Ga. 393, 404 (242 SE2d 1) (1977).

(2) A crime, such as kidnapping with bodily injury, on which the death penalty cannot be imposed, is nevertheless "another capital felony" for purposes of aggravating circumstances under Code Ann. § 27-2534.1 (b) (2). *Peek v. State,* 239 Ga. 422, 431-432 (238 SE2d 12) (1977); *Davis v. State,* 241 Ga. 376, 384 (247 SE2d 45) (1978).

(3) Under Code Ann. § 27-1408 a plea of nolo contendere to a charge of rape was not authorized because rape was a capital felony for purposes of that Code section, but such plea and sentence thereon were beneficial to the defendant and thus were harmless error. *Fortson v. Hopper,* 242 Ga. 81 (247 SE2d 875) (1978).[1]

(4) A murder trial at which the state does not seek the death penalty is not a capital case within the meaning of Code Ann. § 59-718.1, supra, and it is not error to allow the jury to disperse during such a murder case. *Dean v. State,* 238 Ga. 537 (3) (233 SE2d 789) (1977).

The case now before us is similar to *Dean v. State,* supra, except that it is not clear that the state was not seeking the death penalty at the time of the jury's dispersal.

From Code Ann. § 59-718.1, however, it is clear that it authorizes the judge to allow jury dispersal under appropriate instructions in all cases except capital cases. We therefore hold that, on appeal of conviction and sentence to life in prison, it is at most harmless error for the trial judge to have allowed jury dispersal (no improper conduct during dispersal being shown) in a murder case

---

[1]Other Code sections under which virtually this same question could arise are Code Ann. § 27-704 (waiver of indictment), and Code Ann. §§ 27-1901, 27-1901.1 (speedy trial). See *Turner v. State,* 136 Ga. App. 42, 44 (220 SE2d 57) (1975).

where the death sentence, although sought by the state, was not imposed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1978 — DECIDED NOVEMBER 7, 1978— REHEARING DENIED NOVEMBER 30, 1978.

*Elsie Higgs Griner,* for appellant.

*Vickers Neugent, District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Special Assistant Attorney General,* for appellee.