A89A1746. IN THE INTEREST OF A. B., a child.
(391 SE2d 683)

COOPER, Judge.

While executing a warrant authorizing the search of appellant's residence for cocaine, an investigating officer found a handgun in appellant's bedroom between the mattress and frame of the bed. A second officer, present to film the search, immediately recognized the gun as possibly being one stolen in a case he was investigating. As the search for drugs continued in other parts of the house, the officers confirmed that the serial number on the gun found matched that of the gun reported stolen. Appellant was arrested and charged with theft by receiving and possession of marijuana. The juvenile court's denial of appellant's motion to suppress evidence and his subsequent adjudication of guilt of the delinquent act of theft by receiving form the basis of this appeal.

1. Appellant, in his first and second enumerations of error, contends that the juvenile court erred in denying appellant's motion to suppress specifically by finding that the discovery and seizure of the gun met the requirements of the plain view doctrine. OCGA § 17-5-21 (b) authorizes an officer in the process of executing a lawful search warrant "to seize any stolen property, contraband, or other item, other than private papers, which he has probable cause to consider tangible evidence of the commission of a crime, even though the property is not listed in the warrant. [Cits.]" *Whittington v. State*, 165 Ga. App. 763, 764 (302 SE2d 617) (1983).

Appellant does not dispute that the officers were conducting a lawful search. During the course of the search for drugs, the officer looked under the mattress, since this was a place where drugs were discovered in a previous raid, and found the gun. Thus, the officer was not engaged in a general exploratory search. "A police officer may seize what is in plain sight if, as here, he is in a place where he is constitutionally entitled to be. [Cit.] . . . But it must be *immediately apparent* to the investigating officer that the property to be seized is contraband." *Cook v. State*, 134 Ga. App. 712, 715 (215 SE2d 728) (1975). The second officer's immediate recognition of the gun as one having possibly been stolen makes its seizure lawful. "It is not necessary under the law that the officer know with certainty that the item is stolen at the time of the seizure, only that there be probable cause to believe this is the case. [Cit.]" *Whittington v. State*, supra at 765. The evidence demonstrates that prior to the search, the officer not only had a description of the gun from a theft report, but he also had

information from two sources that the appellant allegedly had the stolen gun. We conclude there was probable cause to seize the gun and no rights were violated by the seizure.

2. In his third enumeration of error, appellant contends that the evidence was insufficient to justify an adjudication of guilt on the charge of receiving stolen property. Reviewing all the evidence in the light most favorable to the juvenile court's findings, we conclude that a rational trier of fact could have found appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 433 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Contrary to appellant's contention in his fourth enumeration of error, the evidence does not affirmatively demonstrate that others had equal access to appellant's room. Appellant has not rebutted the presumption that an owner of property is the owner of what is contained therein when he exercises immediate and exclusive possession of the premises. *Farmer v. State*, 152 Ga. App. 792, 795 (264 SE2d 235) (1979). The evidence shows that the gun was discovered hidden in a bed in appellant's bedroom, where he slept and kept his belongings. The record further indicates that previously, appellant had hidden jewelry in the bed. While it appears that there were several visitors to the room, appellant could not identify anyone, other than himself and his brother, who could have had equal access to the room sufficient to rebut the presumption. See *Rush v. State*, 188 Ga. App. 520 (1) (373 SE2d 377) (1988). Accordingly, the juvenile court did not err in denying appellant's motion to suppress.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 28, 1990.

*W. Donald Kelly*, for appellant.

*John M. Ott, District Attorney, William K. Wynne, Jr., Assistant District Attorney*, for appellee.