A91A0073. JEFFERSON v. THE STATE.
(405 SE2d 575)

ANDREWS, Judge.

Jefferson appeals his conviction on 16 counts of armed robbery, five counts of rape, ten counts of aggravated assault, three counts of aggravated sodomy, and 23 other offenses for which he was sentenced to 24 life terms and 375 years to run consecutively.

The record establishes that pursuant to Jefferson's arrest as a suspect in a rape and armed robbery, Augusta police officers secured a valid warrant to search his house. The warrant identified ten items to be seized, including an automatic pistol, clothing and shoes Jefferson had allegedly worn during the commission of the crime, several items of jewelry which had been stolen from the victim, and a 1976 Oldsmobile. At the time of the instant search, Augusta police were also conducting an extensive search for a serial rapist who had been involved

in approximately 30 attacks.

During the search of Jefferson's home, which was necessarily thorough since the jewelry could be easily hidden, officers observed and seized over 100 items not listed on the warrant. The additiional items, which had been identified during the serial rape investigation and therefore were recognized by the officers, included blood-stained guns, jewelry matching that taken from several of the rape victims, clothing of other victims and newspaper articles about the attacks.

Jefferson claims that the trial court erred in denying his motion to suppress the seized evidence which was not listed in the warrant and argues that the search was exploratory. We do not agree.

It is undisputed that the officers in this case were acting within the scope of a valid search warrant when they searched Jefferson's house. Evidence of another crime discovered while searching pursuant to a valid search warrant may be lawfully seized. OCGA § 17-5-21 (b); *Bing v. State*, 178 Ga. App. 288 (342 SE2d 762) (1986); see also *Horton v. California*, 495 U. S. ___ (110 SC 2301, 110 LE2d 112) (1990).

Clearly, the officers had probable cause to believe that the additional property was tangible evidence of the commission of a crime, even though the property was not listed in the warrant. "It is not necessary under the law that the officer know with certainty that the item is stolen at the time of the seizure, only that there be probable cause to believe that this is the case. [Cits.]" *Whittington v. State*, 165 Ga. App. 763, 765 (302 SE2d 617) (1983). The officers' recognition and identification of the additional property as that which was sought in the serial investigation makes its seizure lawful. *In the Interest of A. B.*, 194 Ga. App. 665 (391 SE2d 683) (1990); *Bowen v. State*, 194 Ga. App. 80 (389 SE2d 516) (1989). Because the seizure was lawful, Jefferson's motion to suppress was properly denied.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 25, 1991.

*Harry B. James III*, for appellant.
*Michael C. Eubanks, District Attorney*, for appellee.