A94A2824. PARKER v. THE STATE.
(455 SE2d 360)

BEASLEY, Chief Judge.

Parker and three others were indicted for the November 2, 1986 rape, kidnapping, and armed robbery of a woman. Parker pled guilty to the rape and the lesser included offenses of false imprisonment and robbery, and on April 16, 1987 he was sentenced to life imprisonment for the rape and ten and twenty years probation respectively on the remaining two offenses, to run consecutively with each other and with the life sentence. The sentences were affirmed by the Superior Courts Sentence Review Panel in an order filed January 22, 1988.

The case is now before this court on Parker's pro se appeal from the denial of his June 14, 1994, pro se "Petition to Correct Void Sentence(s) and Motion for Modification of Sentence(s)" in regard to the life sentence imposed for rape. Such an action may be brought in the trial court; habeas corpus is not the exclusive procedure for challenging the validity of a sentence. *Jefferson v. State*, 205 Ga. App. 687 (1) (423 SE2d 425) (1992), citing *McCranie v. State*, 157 Ga. App. 110, 111 (3) (276 SE2d 263) (1981).

Parker contends that inasmuch as he was not indicted as a recidivist, the imposition of a life sentence for rape constituted "a violation of due process" because OCGA § 17-10-1 (a), in the version in effect at the time of his sentencing, mandated a sentence for a determinate number of years.

When Parker was sentenced, OCGA § 17-10-1 (a) provided in pertinent part: "Except in cases in which life imprisonment or the death penalty must be imposed, upon a verdict or plea of guilty in any case involving a misdemeanor or felony and after a presentence hearing, the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years, which shall be

within the minimum and maximum prescribed by law as the punishment for the crime." The punishment for rape was "imprisonment for life or . . . imprisonment for not less than one nor more than 20 years." OCGA § 16-6-1 (b).[1] The trial judge's interpretation of the effect of OCGA § 17-10-1 (a) on OCGA § 16-6-1 (b) is at issue.

In a similar due process challenge to the imposition of life sentences, this court has rejected the position that under former OCGA § 17-10-1 (a) a defendant must be given a sentence for a specific number of years. *Jefferson v. State*, 209 Ga. App. 859, 862 (2) (434 SE2d 814) (1993). The same version of OCGA § 17-10-1 (a) applied in Jefferson's case, which is first reported at *Jefferson v. State*, 199 Ga. App. 594 (405 SE2d 575) (1991). We followed the court's holding on this issue, which figured in the latest *Jefferson* case, in *Williams v. State*, 214 Ga. App. 421, 422 (4) (447 SE2d 714) (1994), and do so here. See also *Cofield v. State*, 216 Ga. App. 623 (455 SE2d 342) (1995).[2] Appellant's sentence is valid.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED MARCH 14, 1995.

Bobby Parker, *pro se.*

J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, for appellee.

---

[1] The statute also provides for the death penalty, but it is no longer permitted for rape where the victim is not killed. *Coker v. Georgia*, 433 U. S. 584 (97 SC 2861, 53 LE2d 982) (1977).

[2] It is noted that, pursuant to a certified question from the United States Court of Appeals for the Eleventh Circuit, the challenge presented here is under consideration by the Supreme Court of Georgia in the pending case of *Echols v. Thomas*, Case No. S95Q0082.