A94A2307. NULL v. THE STATE.
(455 SE2d 359)

BEASLEY, Chief Judge.

This is an instance of fragmented appeal.

Null was tried and convicted on May 31, 1990 of murder, armed robbery, and kidnapping with bodily injury. He was given a life sentence for the murder, a consecutive life sentence for the armed robbery, and a third life sentence concurrent with the second for the kidnapping. His convictions were affirmed by the Supreme Court of Georgia on April 11, 1991, in a direct appeal in which he was represented by trial counsel. *Null v. State*, 261 Ga. 180 (402 SE2d 721)

(1991).

This pro se appeal arises from the denial of Null's "Motion to Correct Sentence" in regard to the life sentence imposed for the armed robbery, which he filed pro se on October 13, 1992. For a reason which does not appear of record, a rule nisi was not entered until February 18, 1994, setting a hearing on March 31, 1994. Movant filed a "supplemental attachment" to his motion on March 14 and the hearing proceeded on March 31 as scheduled. Null represented himself. "[A]lthough habeas corpus would have been an appropriate remedy to determine the validity of a sentence, it is not necessarily an exclusive or sole remedy; such an action may be brought in the trial court[,]" as was done here. *Jefferson v. State*, 205 Ga. App. 687 (1) (423 SE2d 425) (1992), citing *McCranie v. State*, 157 Ga. App. 110, 111 (3) (276 SE2d 263) (1981).

Null contends that a life sentence for armed robbery under OCGA § 16-8-41 (b) deprived him of due process and equal protection under the Fourteenth Amendment and Article I, Section I, Paragraphs I and II of the Georgia Constitution because OCGA § 17-10-1 (a) in effect at the time of his sentencing mandated that he be given a sentence for a determinate number of years. OCGA § 16-8-41 (b) provides the punishment: "A person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than five [—] nor more than 20 years." When Null was sentenced, OCGA § 17-10-1 (a) read, as pertinent: "Except in cases in which life imprisonment or the death penalty must be imposed, upon a verdict or plea of guilty in any case involving a misdemeanor or felony and after a presentence hearing, the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years, which shall be within the minimum and maximum prescribed by law as the punishment for the crime." This was a change from a previous version, which stated: "Upon a verdict or plea of guilty in any case involving a misdemeanor or felony the judge fixing such sentence shall prescribe a determinate sentence for a specific number of years . . . except in cases in which life imprisonment or capital punishment is imposed." Ga. L. 1974, pp. 352, 354, § 4.

Pursuant to a certified question from the United States Court of Appeals for the Eleventh Circuit, the challenge Null poses is under consideration by the Supreme Court of Georgia in the pending case of *Echols v. Thomas*, Case No. S95Q0082. No separate and independent argument is presented on the state constitutional ground, so we will not address it. *Merriman v. State*, 201 Ga. App. 817, 818 (1) (412 SE2d 598) (1991) (physical precedent); *Heinen v. State*, 186 Ga. App. 373, 374 (fn. 1) (367 SE2d 275) (1988).

In the context of a due process challenge to the imposition of life

sentences, this court has rejected the interpretation that under former OCGA § 17-10-1 (a), a defendant must be given a sentence for a specific number of years. *Jefferson v. State*, 209 Ga. App. 859, 862 (2) (434 SE2d 814) (1993). The same version of OCGA § 17-10-1 (a) was at issue in Jefferson's case, which is first reported at *Jefferson v. State*, 199 Ga. App. 594 (405 SE2d 575) (1991). See also *Williams v. State*, 214 Ga. App. 421, 422 (4) (447 SE2d 714) (1994); *Cofield v. State*, 216 Ga. App. 623 (455 SE2d 342) (1995). Appellant does not present a separate argument based on the equal protection clause.

To the extent that Null's contentions raise a facial challenge to the constitutionality of the sentencing provision of subsection (b) of the armed robbery statute, we do not address it. Even though the trial court found no legal merit in Null's position, it did not make an express ruling on the facial validity of the sentencing provision. For this reason we do not transfer this case to the Supreme Court of Georgia, which has exclusive jurisdiction of such a constitutional challenge. 1983 Ga. Const., Art. VI, Sec. VI, Par. II (1).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED MARCH 14, 1995.

Billy J. Null, *pro se.*

*Daniel J. Porter, District Attorney, Phil Wiley, Assistant District Attorney,* for appellee.