## A00A0340. JORDAN v. THE STATE.
### (530 SE2d 42)

ELDRIDGE, Judge.

James Jordan filed this direct appeal from Cobb County Superior Court's denial of his motions to correct an illegal sentence and to appoint appellate counsel. These motions were filed in October 1998, 14 years after his convictions were affirmed on appeal by this Court. See *Graham v. State*, 171 Ga. App. 242 (319 SE2d 484) (1984). This Court finds that Jordan's asserted errors are without merit, except his assertion regarding improper venue for one kidnapping charge. Therefore, we reverse one of his kidnapping convictions but affirm the trial court's order as to his remaining convictions.

The record shows that, in February 1982, a jury convicted Jordan and two co-defendants of kidnapping (two counts), aggravated assault, attempted armed robbery, and aggravated assault on a police officer (two counts). The charges arose from incidents following Jordan's September 1981 escape from Cherokee County Jail in Center, Alabama. The facts of this case are set out in Jordan's direct appeal of his conviction, *Graham v. State*, supra. The record on appeal does not contain a transcript of the evidence presented at trial.

1. In his first enumeration of error, Jordan asserts that his conviction for kidnapping George Horsley is invalid because the venue was improper. In its responsive brief, the State concedes that Horsley was seized in Polk County, not Cobb County. Therefore, Cobb County was not the proper venue for prosecuting this charge. See OCGA § 17-2-2 (a); *Lee v. State*, 270 Ga. 798 (514 SE2d 1) (1999); *Potts v. State*, 261 Ga. 716, 720 (2) (410 SE2d 89) (1991); *Boxer X v. State*, 237 Ga. App. 526 (515 SE2d 668) (1999); see also *Miller v. State*, 174 Ga. App. 42, 44 (3) (329 SE2d 252) (1985) ("Kidnapping is not a continuing offense, and the crime is consummated when the victim is seized."). We reverse Jordan's conviction for kidnapping Horsley.[1]

2. In his second enumeration, Jordan claims that his convictions for aggravated assaults on two Cobb County police officers should

---

[1] We note, however, that "[w]here venue is not established by the State, any ensuing judgment is void, although reversal of a conviction on this basis does not prevent retrial in a court where venue is proper and proven." (Punctuation and footnote omitted.) *Waller v. State*, 231 Ga. App. 323, 326 (498 SE2d 362) (1998). See also *Kimmel v. State*, 261 Ga. 332, 334 (1) (404 SE2d 436) (1991); *Sewell v. State*, 229 Ga. App. 685 (494 SE2d 512) (1997).

have been merged for sentencing purposes, as the convictions were "identical" and based upon the same evidence. This enumeration has no merit.

Jordan was convicted of repeatedly firing a shotgun at police officers as they pursued Jordan and his co-defendants through Cobb County. Two officers were wounded as a result; one of the officers received multiple wounds. "[Jordan's] act of firing his weapon into the group made each individual in the group a separate victim. The [two] aggravated assault convictions of which [Jordan] was found guilty do not merge because the offenses were committed upon different victims." (Citations omitted.) *Pace v. State*, 239 Ga. App. 506, 509 (6) (521 SE2d 444) (1999).

Further, even if Jordan's claim that it is possible that both police officers were wounded by the same shot were true, the resulting charges do not merge. "[T]he legislature did not intend one crime to be included within another if each crime affected a different person." (Citation and punctuation omitted.) *Hall v. State*, 235 Ga. App. 44, 47 (5) (508 SE2d 703) (1998) (wherein one shot was fired, killing one person and wounding another). See also *Rogers v. State*, 163 Ga. App. 641, 644 (4) (295 SE2d 140) (1982).

3. In his third enumeration of error, Jordan claims that the trial court erred in failing to merge one of his kidnapping convictions into the attempted armed robbery conviction for the purpose of sentencing.[2] This enumeration lacks merit.

Under OCGA § 16-5-40 (a), "[a] person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." In contrast, a person commits the crime of attempted armed robbery when, with the intent to commit theft, he attempts to take another person's property through the use of an offensive weapon. OCGA § 16-8-41 (a). As such, the offenses have different elements and do not merge as a matter of law. See OCGA §§ 16-1-6 (1); 16-1-7 (a); *Emmett v. State*, 199 Ga. App. 650, 651 (3) (405 SE2d 707) (1991); *Chambley v. State*, 163 Ga. App. 502, 504 (2) (295 SE2d 166) (1982).

Further, this Court previously found that the evidence was sufficient to convict Jordan of both the kidnapping and attempted armed robbery of Randall McInnis, as the offenses were two separate, distinct, and sequential crimes against the victim. *Graham v. State*, supra at 243. The evidence showed that Jordan and his co-defendants were traveling along Highway 41 in Cobb County when the driver stopped the car long enough to pick up McInnis, a hitch-

---

[2] Jordan's complaint that the aggravated assault offense should have been merged into the attempted armed robbery is without merit, as the two convictions were, in fact, merged for sentencing.

hiker. Id. at 242. After McInnis was in the automobile, Jordan slapped him, pointed a shotgun at him, and demanded his money. Id. However, when the car stopped at a stoplight, McInnis attempted to escape the vehicle. Id. Jordan and his co-defendants grabbed McInnis' hair and beat him to keep him from leaving the car. Id. Although McInnis managed to escape, the scuffle caught the attention of police officers, who pursued the vehicle. Id.; see also Division 2, supra.

Under these circumstances, the offenses of kidnapping and attempted armed robbery did not merge as a matter of law *or* fact. See *Chambley v. State*, supra at 504 (2). Accordingly, it was not error for the trial court to sentence Jordan separately for the crimes.

4. In his final enumeration, Jordan claims that the trial court erred in refusing to appoint counsel to assist him in pursuing his motion to correct an illegal sentence. However,

> [u]nder the United States Constitution, the [S]tate is required to provide counsel to indigent defendants for their trial, *Gideon v. Wainwright*, 372 U. S. 335 (83 SC 792, 9 LE2d 799) (1963), and for their first appeal as a matter of right, *Douglas v. California*, 372 U. S. 353 (83 SC 814, 9 LE2d 811) (1963), but no further. The Constitution does not even require states with multi-tiered appellate systems to appoint appellate counsel through the exhaustion of an indigent defendant's discretionary direct appeals. *Ross v. Moffitt*, 417 U. S. 600 (94 SC 2437, 41 LE2d 341) (1974).

*Gibson v. Turpin*, 270 Ga. 855, 857 (1) (513 SE2d 186) (1999). See also *Fullwood v. Sivley*, 271 Ga. 248, 253 (517 SE2d 511) (1999); *Burroughs v. State*, 239 Ga. App. 600, 601-602 (2) (521 SE2d 652) (1999).

Jordan's convictions were affirmed on direct appeal in 1984. *Graham v. State*, supra. The direct appeal did not raise any of the sentencing errors alleged herein. The fact that Jordan filed this action 14 years later does not make this a "fragmented appeal" that can breathe new life into the exhausted direct appeal of his conviction. See *Null v. State*, 216 Ga. App. 641 (455 SE2d 359) (1995); see also generally *Gibson v. Turpin*, supra at 857. Therefore, the trial court did not err in refusing to appoint counsel to represent Jordan in this action.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 17, 2000 — ▮▮▮▮▮▮▮▮

James Jordan, *pro se.*
*Patrick H. Head, District Attorney, Maria B. Golick, Debra H. Bernes, Assistant District Attorneys,* for appellee.