## A01A0750. HILL v. THE STATE.
### (552 SE2d 430)

JOHNSON, Presiding Judge.

Craig Hill was indicted for fourteen offenses, including six armed robberies and an aggravated assault. On April 8, 1992, while represented by counsel, Hill pled guilty to four counts of armed robbery, and the state agreed not to prosecute the remaining counts. On May 7, 1992, the trial court sentenced Hill to four life sentences, to be served concurrently. The same day, Hill's attorney filed an application to have the sentences reviewed by the superior court sentence review panel. The sentence review panel affirmed Hill's sentences.

In October 2000, Hill filed a "Motion to Correct Sentence." In it, he claimed that the sentences imposed on the guilty pleas were void because (1) the sentences were outside the legal limits of the law at the time of sentencing, and (2) they resulted from his receiving ineffective assistance of counsel. The trial court denied the motion, holding that the sentences were legally imposed and noting that it was without authority to modify the sentences outside of the term in which they were imposed. We agree with the trial court and affirm,

adding that Hill's contention regarding ineffective assistance of counsel is not reviewable by this Court.

1. In general, a motion to vacate a sentence is not an appropriate remedy in a criminal case after the term in which the judgment was entered has passed.[1] An exception exists where a sentence is void, i.e., where the court has imposed punishment which the law does not allow.[2] However, Hill's sentences are lawful. Life imprisonment is authorized for armed robbery, just as it was at the time of Hill's sentencing.[3] And, contrary to Hill's position, it is well settled that the giving of a life sentence does not violate statutory authority mandating that a sentence be for a determinate number of years.[4]

2. Inasmuch as Hill's ineffective assistance of counsel claim was not discussed in the plea and sentencing hearing, and there is no transcript of a post-plea hearing, the merits of that claim cannot be determined wholly by reference to the existing record. Because the claim requires development in a post-plea hearing, Hill's remedy is to pursue a habeas corpus action.[5]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MAY 31, 2001.

Craig Hill, *pro se.*

Daniel J. Craig, *District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.

---

[1] *Battle v. State,* 235 Ga. App. 101, 102 (508 SE2d 467) (1998).

[2] Id.

[3] See OCGA § 16-8-41 (b); *Williams v. State,* 208 Ga. App. 716 (1) (431 SE2d 469) (1993).

[4] See *Parker v. State,* 216 Ga. App. 649 (455 SE2d 360) (1995); *Null v. State,* 216 Ga. App. 641, 642-643 (455 SE2d 359) (1995).

[5] See *Hodges v. State,* 271 Ga. 466 (520 SE2d 689) (1999); *Grantham v. State,* 267 Ga. 635, 636 (481 SE2d 219) (1997).