## A02A0020. DOTSON v. THE STATE.
### (560 SE2d 349)

MIKELL, Judge.

Eric Wayne Dotson was convicted of armed robbery and sentenced as a recidivist to serve 20 years. He appeals from the denial of his motion for new trial, contending that the trial court erred in

denying his motion to dismiss the indictment. We disagree and affirm.

The record reveals that after robbing a jewelry store in Cobb County on February 26, 1998, Dotson fled to Oklahoma, where he committed a similar offense. Dotson was finally arrested in Tennessee on June 4, 1998, based on a warrant for an armed robbery committed in Kentucky. He was transported to Kentucky, where he was ultimately convicted and sentenced to life imprisonment for the armed robbery. While incarcerated in Kentucky, Dotson was notified that a warrant had been issued for his arrest in Georgia. In response, on September 21, 1998, Dotson mailed a handwritten document captioned "Motion Fast and Speedy Trial" to the Magistrate Court of Cobb County. As Dotson had not yet been indicted, the court wrote him a letter informing him that his motion was premature. Dotson was indicted in superior court on December 17, 1998. Thereafter, the "Motion Fast and Speedy Trial" was transmitted to the superior court clerk's office, where it was stamped filed on January 21, 1999.[1] At that time, Dotson was incarcerated in Kentucky.

Pursuant to Cobb County's request, a detainer was lodged against Dotson on February 10, 1999, which activated his rights under the Interstate Agreement on Detainers ("IAD"), OCGA § 42-6-20 et seq. On February 26, 1999, Dotson filed a request for disposition of the indictment pursuant to the IAD. The state then sought Dotson's transfer to Georgia, and Kentucky finally released him on April 24, 2000. On May 11, 2000, Dotson filed a motion to dismiss the indictment, contending that the state failed to try him within 180 days, as mandated by OCGA § 42-6-20, Art. III (a), or within two terms of court, as required by OCGA § 17-7-170. The trial court denied the motion. First, the court held that the 180-day period was tolled during the time Dotson was in custody in other jurisdictions, so that only 72 days of that period had elapsed by the time he was transferred to Georgia on April 24, 2000.[2] Second, the court held that Dotson's speedy trial demand was a nullity because it was filed in magistrate court before the indictment and because the undisputed evidence showed that it was never served upon the state. Dotson appeals the second ruling only.

1. At the outset, we note that a demand for a speedy trial in a case involving a capital offense is controlled by OCGA § 17-7-171. Armed robbery is a capital offense within the meaning of this section. *White v. State*, 202 Ga. App. 370 (414 SE2d 296) (1991). OCGA § 17-7-171 requires that after a defendant makes a proper demand for trial,

---

[1] The method of transmission is unclear from the record.

[2] Dotson's trial commenced on June 12, 2000.

he must be tried within the term of the demand or by the end of the next two terms, provided that at all three terms there are juries impaneled and qualified to try him. In order to invoke the sanction of discharge and acquittal, the defendant, either personally or through his attorney, must be present in court announcing ready for trial and requesting a trial on the indictment during the first two regular terms of court following the filing of his demand. *Levester v. State*, 270 Ga. 485, 487 (512 SE2d 258) (1999); *Burns v. State*, 265 Ga. 763 (462 SE2d 622) (1995). Dotson has not argued, nor demonstrated, that he fulfilled this requirement. Therefore, the trial court did not err in denying his motion to dismiss the indictment.[3]

2. Our ruling in Division 1 renders Dotson's second enumeration of error moot.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 15, 2002.

*Justin J. Wyatt*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.

---

[3] We need not address whether Dotson filed a proper demand for trial with the superior court.