A04A0393. MERROW v. THE STATE.
(601 SE2d 428)

BLACKBURN, Presiding Judge.

Kyle Merrow appeals the denial of his motion for discharge and acquittal, which was based on the ground that he was not given a speedy trial. Finding that his motion was premature and that he failed to demand a speedy trial, we affirm.

1. We first address whether Merrow's motion for discharge and acquittal was premature under the applicable speedy trial statute. In this regard, the initial question is whether OCGA § 17-7-171, which applies to capital offenses and which allows the State more time to try a defendant, applies to this case. Since *Coker v. Georgia*,[1] the death penalty can no longer be imposed for rape where death to the victim did not result. See *Boyer v. State*;[2] *Parker v. State*.[3] Thus, it appears that rape alone (with which Merrow was charged here) would no longer be a capital offense.

The law, however, is not so definitive. The confusion in this area was summarized in *Cook v. State*:[4]

A capital crime is one for which the death penalty may be imposed. Our Code law continues to prescribe that the death penalty may be imposed for some crimes (e.g., armed robbery, rape, kidnapping with bodily injury) which constitutional decisional law prescribes that the death penalty cannot be

---

[1] *Coker v. Georgia*, 433 U. S. 584, 592 (III) (97 SC 2861, 53 LE2d 982) (1977).

[2] *Boyer v. State*, 240 Ga. 170, 171 (240 SE2d 68) (1977).

[3] *Parker v. State*, 216 Ga. App. 649, 650, n. 1 (455 SE2d 360) (1995).

[4] *Cook v. State*, 242 Ga. 657-658 (251 SE2d 230) (1978).

imposed where no death results. *Coker v. Georgia;*[5] *Collins v. State.*[6]

This difference between what the Code prescribes and the Constitution allows has created some confusion. We have held as follows:

(1) Convictions of rape, armed robbery and kidnapping with bodily injury where no death results are not capital felonies for appellate jurisdictional purposes and appeals in such cases go to the Court of Appeals. *Collins v. State*, supra; but see *Stanley v. State;*[7] *Thomas v. State.*[8]

(2) A crime, such as kidnapping with bodily injury [or rape], on which the death penalty cannot be imposed, is nevertheless "another capital felony" for purposes of aggravating circumstances under [OCGA § 17-10-30 (b) (2)]. *Peek v. State;*[9] *Davis v. State*[;][10] [*Johnson v. State.*][11]

(3) Under [OCGA § 17-7-95,] a plea of nolo contendere to a charge of rape was not authorized because rape was a capital felony for purposes of that Code section, but such plea and sentence thereon were beneficial to the defendant and thus were harmless error. *Fortson v. Hopper.*[12]

Not mentioned in *Cook* is that rape has been held not a capital offense for purposes of the recidivism statute.[13] *Haslem v. State.*[14] See *Williams v. State.*[15]

The issue then is whether rape is a capital offense for purposes of the speedy trial statutes.[16] Our Supreme Court has so far declined to expressly rule on the question. See *Union v. State.*[17] But at least three Court of Appeals cases have assumed that rape is a capital felony for purposes of the speedy trial statutes, without engaging in

---

[5] *Coker v. Georgia*, supra.

[6] *Collins v. State*, 239 Ga. 400, 402 (2) (236 SE2d 759) (1977).

[7] *Stanley v. State*, 240 Ga. 341, 350 (241 SE2d 173) (1977).

[8] *Thomas v. State*, 240 Ga. 393, 404 (242 SE2d 1) (1977).

[9] *Peek v. State*, 239 Ga. 422, 431-432 (238 SE2d 12) (1977).

[10] *Davis v. State*, 241 Ga. 376, 384 (247 SE2d 45) (1978).

[11] *Johnson v. State*, 186 Ga. App. 891, 892 (1) (369 SE2d 48) (1988).

[12] *Fortson v. Hopper*, 242 Ga. 81 (247 SE2d 875) (1978).

[13] OCGA § 17-10-7 (c).

[14] *Haslem v. State*, 160 Ga. App. 251, 253 (2) (286 SE2d 748) (1981).

[15] *Williams v. State*, 165 Ga. App. 72 (1) (299 SE2d 405) (1983).

[16] OCGA §§ 17-7-170; 17-7-171.

[17] *Union v. State*, 273 Ga. 666 (543 SE2d 683) (2001).

an analysis of the question. See *Day v. State*;[18] *Bailey v. State*;[19] *Hudson v. State*.[20]

With this historical background, we analyze the question more thoroughly here and make a definitive ruling that for purposes of the speedy trial statutes, rape is indeed a capital offense. The statutory scheme of the speedy trial statutes is basically that for noncapital offenses, a person must be tried during the term the speedy trial demand is made or during the next succeeding term.[21] For capital offenses, the time allowed for trying the defendant is lengthened.[22] The purpose for allowing the State more time to try capital offenses is a recognition "of gravity in nature, seriousness and importance" of such offenses such that the State's investigation of and preparation for trying such serious and complex offenses may necessarily be more extensive and lengthy, thus requiring more time. *Letbedder v. State*.[23] Unlike the recidivist statute (under which rape is not considered a capital offense), the focus of the speedy trial statutes is not whether to enhance a defendant's punishment; rather, the focus is on the time that the legislature has deemed appropriate to allow the State to prepare its case. Taken in this context, the fact that the death penalty can no longer be imposed on a rape conviction does not diminish the seriousness or complexity of the crime or reflect on the time necessary for the State to prepare its case. Thus, the legislature's original decision to include rape as a crime worthy of allowing the State more time to prepare its case would still hold true, regardless of the punishment now allowed for the crime. See id.

This same rationale caused *Letbedder* in 1973 to conclude that even though armed robbery could no longer be punished by death (based on another United States Supreme Court decision), the "capital offense" provisions of the predecessor statute to OCGA § 17-7-171 applied to an armed robbery charge. Id. at 199 (2). See *Simmons v. State*.[24] *Letbedder*, which preceded the 1977 *Coker* decision rendering death penalties unconstitutional for rape, in dicta opined that "the same is true of other offenses for which the death sentence might have been imposed under our statutes, such as rape." *Letbedder*, supra at 199 (2). Indeed, in *White v. State*,[25] in which armed robbery was expressly held to be a capital offense under the current OCGA

---

[18] *Day v. State*, 216 Ga. App. 29, 30 (2) (453 SE2d 73) (1994).

[19] *Bailey v. State*, 209 Ga. App. 390 (1) (433 SE2d 610) (1993).

[20] *Hudson v. State*, 157 Ga. App. 71, 73 (4) (276 SE2d 122) (1981).

[21] OCGA § 17-7-170 (b).

[22] OCGA § 17-7-171 (b).

[23] *Letbedder v. State*, 129 Ga. App. 196, 199 (2) (199 SE2d 270) (1973).

[24] *Simmons v. State*, 149 Ga. App. 830, 831 (1) (256 SE2d 79) (1979).

[25] *White v. State*, 202 Ga. App. 370, 371 (414 SE2d 296) (1991).

§§ 17-7-170 and 17-7-171, we stated: "A capital offense within the terms of OCGA §§ 17-7-170 and 17-7-171 refers to offenses defined by statute as capital offenses, not necessarily offenses for which the state could or actually does seek the death penalty. Cf. *Orvis v. State*."[26] (Punctuation omitted.) See *Dotson v. State*;[27] see also *Harper v. State*[28] (holding that it was not arbitrary, capricious, and irrational to interpret armed robbery as a capital offense for some purposes but not for others). Thus, for this same reason, rape should be considered a capital offense for purposes of OCGA §§ 17-7-170 and 17-7-171.

Support for this conclusion is also found in *Crawford v. State*.[29] *Crawford* construed the meaning of "capital felony" as used in OCGA § 17-10-30 (b) (2), which statute allows the jury to consider as an aggravating circumstance for death penalty purposes that at the time the defendant committed murder he was also engaged in the commission of " 'another capital felony.' " Id. *Crawford* noted that the term "capital felony" as used in OCGA § 17-10-30 referred " 'in a generic sense to include those felonies which were capital crimes in Georgia at the time this section of our death penalty statute was enacted.' " Id. at 441 (5). Observing that kidnapping with bodily injury was a capital offense at the time the legislature enacted OCGA § 17-10-30 (b) (2), *Crawford* concluded that this crime was a capital offense for purposes of the statute and could be considered by a jury as a statutory aggravating circumstance. Id. The focus appeared to be on the seriousness of the aggravating crimes, not on the punishment per se for those crimes.

Similarly, rape, whose seriousness has not changed, was a capital offense at the time the speedy trial statutes were enacted.[30] Since the removal of the sentencing option of imposing the death penalty does not reflect on the legislature's original determination that the State should be allowed more time to prepare a rape case, rape should be a capital offense for purposes of the speedy trial statutes.

OCGA § 17-7-171 (b), which governs the time within which the State must try a defendant indicted for a capital offense after defendant makes a proper speedy trial demand, provides:

> If more than two regular terms of court are convened and adjourned after the term at which the demand is filed and the defendant is not given a trial, then he shall be absolutely

---

[26] *Orvis v. State*, 237 Ga. 6 (226 SE2d 570) (1976).

[27] *Dotson v. State*, 253 Ga. App. 787, 788 (1) (560 SE2d 349) (2002).

[28] *Harper v. State*, 203 Ga. App. 775, 776-777 (417 SE2d 435) (1992).

[29] *Crawford v. State*, 254 Ga. 435, 440-441 (5) (330 SE2d 567) (1985).

[30] OCGA § 16-6-1 (b); former Code Ann. § 26-1302 (1953); Ga. L. 1952, p. 300, § 1.

discharged and acquitted of the offense charged in the indictment, provided that at both terms there were juries impaneled and qualified to try the defendant and provided, further, that the defendant was present in court announcing ready for trial and requesting a trial on the indictment.

The terms of court for Cobb County begin on the second Monday in January, March, May, July, September, and November.[31] Because Merrow's demand was filed during the November term, the State would not have been required to try Merrow prior to the end of the March term.[32] Thus, his motion, filed during the March term, was premature. Moreover, the trial court held the hearing on the motion during the March term, and the State announced ready for trial.

2. Even if the motion had not been premature, we hold that Merrow's speedy trial demand was insufficient to put the State on notice. Merrow was indicted for rape on December 12, 2002. On December 27, Merrow's attorney filed a document captioned "Entry of Appearance of Counsel and Demand for Trial." The body of the document states, in its entirety, as follows: "NOW COMES Ben W. Beazley, and enters this appearance of counsel as attorney of record for KYLE MERROW, Defendant herein, and enters a demand for trial in the above styled case." On April 7, 2003, Merrow filed a motion for discharge and acquittal, contending that he had not been timely tried. The trial court ruled that Merrow's demand was insufficient to trigger the sanctions of OCGA § 17-7-170 or § 17-7-171. We agree.

In determining whether a defendant is entitled to the extreme relief of discharge and acquittal, the trial court must decide whether the defendant's demand, considering both its caption and its text, can reasonably be construed as a demand

---

[31] OCGA § 15-6-3 (11).

[32] There is conflict between OCGA § 17-7-171 (b) and the case law on this issue. The statute states that "[i]f *more than* two regular terms of court are convened and adjourned after the term at which the demand is filed and the defendant is not given a trial, then he shall be absolutely discharged." (Emphasis supplied.) The words "more than" imply that discharge is not available unless three terms have been convened and adjourned since the term in which the speedy trial demand was filed. Thus, a capital case under the statutory language should be required to be tried within three terms after the term in which the speedy trial demand is filed. However, this statute has been interpreted, at least in obiter dicta, to mean that a capital case must be tried within two terms after the term in which the speedy trial demand is filed. See, e.g., *Rice v. State*, 264 Ga. 846, 847 (452 SE2d 492) (1995); *Orvis*, supra at 6 (1); *Dotson*, supra at 788-789 (1); *Davis v. State*, 221 Ga. App. 168, 169 (1) (471 SE2d 14) (1996); *Bailey*, supra at 391-392 (1). Such an interpretation of the statute leads to the conclusion that, if the speedy trial demand had been sufficient, this case was required to be tried within two terms following the term in which it was filed. However, Merrow moved for a discharge and acquittal during the second term following the term in which he filed a speedy trial demand, and the State announced ready for trial during that second term. Thus, the motion was premature.

for a speedy trial under the provisions of OCGA § 17-7-170. This Court holds that the minimum acceptable standard for such demand requires that the defendant's demand for trial be coupled with some other language that places the State on reasonable notice that a speedy trial under the sanctions of OCGA § 17-7-170 is being invoked, i.e., a reference to trial at the next term, reference to a "speedy trial," use of the language of the Code, or reference to the Code section.

(Punctuation omitted.) *Johnson v. State.*[33] The notice standard in both statutes is the same, and Merrow's demand fails to satisfy this standard. Merrow's demand did not reference any Code section or otherwise put the State on reasonable notice that a speedy trial was demanded.

For both of these reasons, the trial court did not err in denying Merrow's motion for discharge and acquittal.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JUNE 21, 2004 —

*Benjamin W. Beazley*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Eleanor A. Dixon, Assistant District Attorneys*, for appellee.

---

[33] *Johnson v. State*, 251 Ga. App. 489, 490 (1) (554 SE2d 612) (2001), quoting *Bennett v. State*, 244 Ga. App. 149, 150-151 (1) (534 SE2d 881) (2000).