A07A0154. JONES v. THE STATE.
(648 SE2d 133)

MILLER, Judge.

A jury convicted Michael Jermaine Jones of financial identity fraud and theft of services, and he was sentenced to ten years imprisonment. After the trial court denied his motion for a new trial, Jones filed this appeal challenging the sufficiency of the evidence. Jones also asserts as error the trial court's refusal to probate part of his sentence for financial identity fraud. Finding that the evidence was insufficient to prove Jones guilty of financial identity fraud, but that it was sufficient to sustain his conviction for theft of services, we reverse in part and affirm in part.

---

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). We determine only whether the evidence authorized the jury to find the defendant guilty beyond a reasonable doubt, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses. Id.; *Morgan v. State*, 277 Ga. App. 670, 671-672 (1) (627 SE2d 413) (2006).

So viewed, the evidence shows that on March 23, 2004, Jones purchased a prepaid cellular phone at a K-Mart in-store kiosk. Joseph Young, the clerk who sold Jones that phone, asked Jones if he wanted to get a "regular" cell phone, in lieu of the prepaid phone.[1] Jones declined that offer, indicating that he thought his credit record would not qualify him for such a phone.

The following day, Jones returned to K-Mart because of problems with his prepaid phone. At that time, he asked Young if there was "any way" he could obtain a regular cell phone without putting down a deposit. After Young initially told Jones there was "no way" to do that, the men reached an agreement whereby Young would activate a regular cell phone for Jones in exchange for $50. Jones then walked away from the kiosk, and Young activated a regular cell phone by using the approved credit application of another individual, opening an account in that person's name. Jones subsequently returned to the kiosk where he gave Young $50 in exchange for the newly-activated cell phone.

1. Jones first argues that the evidence is insufficient to sustain his conviction for financial identity fraud. We agree.

To convict Jones of financial identity fraud, the State was required to prove that Jones: (1) "accesse[d] or attempt[ed] to access the resources of a person through the use of identifying information"; (2) "without the authorization or permission of [that] person"; and (3) "with the intent unlawfully to appropriate resources of . . . that person . . . to his . . . own use. . . ." OCGA § 16-9-121 (2).[2] Additionally, where, as here, the State's case is based on circumstantial evidence, that evidence must have been sufficient to "exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA

---

[1] The parties have used the term "regular cell phone" to refer to a cell phone issued when a person opens an account with a cellular service provider.

[2] As used in this statute, the term "identifying information" refers to any numbers (such as driver's license or social security numbers) or other information which can be used to access a person's or entity's "resources." OCGA § 16-9-120 (4). The term "resources," includes "[a] person's or entity's credit, credit history, credit profile, and credit rating." OCGA § 16-9-120 (5) (2002).

§ 24-4-6. If the State's evidence fails to meet this standard, "the resulting conviction cannot be sustained under the law." *Edwards v. State*, 272 Ga. App. 540, 543 (1) (612 SE2d 868) (2005). See also *Johnson v. State*, 269 Ga. 840, 842-843 (506 SE2d 374) (1998) ("[T]he law is clear that unless the State's evidence excludes every reasonable hypothesis except that of [the defendant's] guilt, it has failed to carry its burden to establish guilt beyond a reasonable doubt.").

The case against Jones was premised on the theory that he knew Young could not activate a cell phone without an approved credit application and therefore knew that Young must have accessed another person's credit information to provide Jones with such a phone.[3]

The only evidence the State offered to prove its theory was the testimony of Young. Even construing that testimony in the light most favorable to the State, however, it cannot support Jones' conviction, because it failed to demonstrate that Jones "accessed the resources of" another person by using "identifying information." Specifically, that evidence failed to establish Jones knew either: (1) that Young could not issue a phone without "accessing the resources" of a specific individual; (2) that Young would need to use the "identifying information" of that individual to access such "resources"; or (3) that Young, in fact, used such "identifying information to access the resources of another" for the purpose of providing Jones with a cell phone. See OCGA § 16-9-121 (2).

Instead, Young's testimony reveals that he never discussed with Jones the process required for obtaining a regular cell phone and he never told Jones that he could not provide him with a phone without using the "identifying information" of another individual to fill out a credit application. Moreover, Young merely "assumed" that Jones knew that he would have to use another person's identifying information to provide Jones with a regular cell phone without requiring Jones to pay a deposit. Young's assumption was based on Jones' statements indicating he did not think he would "qualify" for a regular cell phone and on Young's belief that Jones "should have known" that such credit approval would be required.

This evidence established, at best, that Jones paid Young $50 to circumvent Young's employer's policies and operating procedures to

---

[3] The State's brief, such as it is, was filed almost six months late, after this Court issued an order requiring counsel to submit a brief or risk being held in contempt. It is three pages long, contains no citations to the record, and is devoid of reasoned legal argument. The State's theory of the case, therefore, has been gleaned from the trial transcript and the transcript of the hearing on Jones' motion for a new trial.

provide Jones with a regular cell phone. The State, therefore, failed to prove the elements of financial identity fraud beyond a reasonable doubt.

Furthermore, the State's evidence was entirely consistent with the hypothesis of Jones' innocence — i.e., that while Jones knew Young was violating company policy by not requiring him to pay a deposit for the phone, he did not know that Young was actually opening an account or that he was using the approved credit application of another potential customer to do so. For all Jones knew, the phone which Young provided him was "off the books," meaning that Young circumvented the process so that no record of the phone existed. Alternatively, Jones could have reasonably believed that Young had activated the phone by using fictional information, as opposed to that of an actual person. Because the evidence failed to exclude every reasonable hypothesis other than Jones' guilt, the State failed to prove its case beyond a reasonable doubt. See *Edwards*, supra, 272 Ga. App. at 543 (1); *Johnson*, supra, 269 Ga. at 842-843.

2. Jones also argues that the evidence was insufficient to convict him for theft of services. We disagree.

"A person commits the offense of theft of services when by deception and with the intent to avoid payment he knowingly obtains services . . . which [are] available only for compensation." OCGA § 16-8-5. Deception, in turn, involves providing, either implicitly or explicitly, knowingly false information to another. See, e.g., *Carter v. State*, 237 Ga. App. 703, 710 (7) (516 SE2d 556) (1999) (conviction for theft of services supported by evidence that defendant allowed an application for appointed counsel to be submitted in his name, knowing that the application contained deceptively misleading and false information about the true state of his finances); *Nichols v. State*, 210 Ga. App. 134, 138 (7) (435 SE2d 502) (1993) (conviction for theft of services supported by evidence that defendant obtained an apartment by using stolen identification). Jones could be convicted of this crime so long as the State proved he was at least a party to the crime. See OCGA § 16-2-20 (a). Thus, Jones' conviction must be upheld if the evidence, construed in favor of the verdict, was sufficient to demonstrate that Jones intentionally encouraged, hired, or procured Young to provide deceptive information to his employer for the purpose of providing Jones with a cell phone. See OCGA § 16-2-20 (b).

The evidence permitted the jury to infer: (1) Jones knew that, were he truthful in providing required information to Young's employer, he could not open an account without paying a significant deposit; (2) Jones knew that in providing him a phone, it was necessary for Young to provide his employer with false information, either explicitly or implicitly; (3) by paying $50 to Young, Jones

encouraged, hired, or procured him to engage in this deception; and (4) Jones did not intend to pay for the communications services he would be receiving. This evidence was sufficient to convict Jones as a party to the crime of theft of services.

3. In light of our holding in Division 1, supra, we need not address Jones' claim that the trial court erred in refusing to probate part of his sentence for financial identity fraud.

For the reasons set forth above, we reverse Jones' conviction for financial identity fraud, but affirm his conviction for theft of services.

*Judgment affirmed in part and reversed in part. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JUNE 14, 2007.

*Robert L. Persse*, for appellant.

*Richard A. Mallard, District Attorney, Gina M. McNabnay, Daphne H. Jarriel, Assistant District Attorneys*, for appellee.