## A02A1331. JONES v. THE STATE.
(565 SE2d 915)

ELDRIDGE, Judge.

Jerome Amos Jones was indicted for the offenses of robbery by force and aggravated assault. A jury acquitted him of aggravated

assault and found him guilty of robbery by force. Jones appeals from the denial of his motion for new trial. Without challenging the sufficiency of the evidence, Jones alleges that the trial court erred in permitting the State to introduce evidence of a similar transaction. Finding no error, we affirm.

Before evidence of an independent offense or act may be admitted into evidence, the State must make three affirmative showings. First, the State must demonstrate that the evidence is not brought forth to raise an improper reference to character, but, rather, for an appropriate purpose deemed an exception to the general rule prohibiting this type of evidence; second, the state must show sufficient evidence to establish that the accused committed the independent offense or act; and third, the State must demonstrate a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991).

Jones contends that the State failed to prove that the prior conviction was similar to the crime charged.

> The law does not require that a similar transaction crime be identical to the crime charged. There can be substantial variation of circumstances where there exists a logical connection between crimes which are essentially dissimilar. The issue of admissibility of extrinsic transactions has never been one of mere similarity. It is, rather, relevance to the issues in the trial of the case. The State may only have the burden of showing a *logical connection* between [the] crimes which are essentially dissimilar. When similar transaction evidence is being introduced to prove motive, intent, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than [where] such evidence is being introduced to prove identity.

(Citation and punctuation omitted; emphasis in original.) *Maxey v. State*, 239 Ga. App. 638, 640-641 (3) (521 SE2d 673) (1999).

In the present case, the evidence shows that on March 31, 1998, the victim had just returned home from the store when Jones, whom she had known for several years, knocked at her door. When the victim opened the door, Jones grabbed her, told her to shut up or he would kill her, and demanded that she give him her radio because he needed $150. When the victim refused, Jones choked her until she passed out, took the radio and her house key, which was lying on the kitchen table, and locked the victim inside her home, which could only be unlocked with the key. When the victim came to, she called the police. The victim indicated to the police that she felt that Jones

attacked her because her husband owed him money on a bet. The victim had numerous bruises on her neck, face, and shoulders and required medical treatment at the hospital.

In the similar transaction, Jones was charged with murder, but entered a guilty plea to voluntary manslaughter. In substance, Jones admitted pulling a gun on the victim because he was angry over the victim previously hitting him in the MARTA station. Jones stated that he pointed the gun at the victim in order to scare him or intimidate him, but, when he fell backward and hit his elbow on the ground, the gun accidentally discharged, killing the victim.

The decision to admit prior similar transaction evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998). "On appeal, we focus on the similarities, rather than the differences between the similar transaction evidence and [the] present charges." *Quezada v. State*, 236 Ga. App. 718, 721 (1) (512 SE2d 401) (1999). In both the present case and the similar transaction, Jones knew the victim and was involved in a dispute that he attempted to settle through intimidation and violence. Under these facts, we do not find as clearly erroneous the trial court's conclusion that Jones' prior act of intimidation was substantially similar to show intent and course of conduct as to the aggravated assault.

Jones further argues that the prior act should have been excluded because it occurred 17 years earlier and was too remote in time. However, similar transactions equally as remote in time have been allowed, and we held that the time lapse affected only their weight and credibility. See *Tanner v. State*, 243 Ga. App. 640, 642-643 (533 SE2d 794) (2000) (10-year lapse); *Howard v. State*, 228 Ga. App. 775 (492 SE2d 683) (1997) (12-year lapse); *Moore v. State*, 207 Ga. App. 412, 415-416 (1) (b) (427 SE2d 779) (1993) (22-year lapse); *Mullins v. State*, 269 Ga. 157, 158 (2) (496 SE2d 252) (1998) (17-year lapse). Furthermore, Jones was incarcerated on a 12-year sentence arising out of his plea to the voluntary manslaughter charge; thus, for a substantial portion of this time lapse, he was limited in his ability to commit a similar offense. "[T]he [17]-year interval between the offenses, standing alone, is not enough to require that evidence of the similar transaction be excluded, particularly where the accused was incarcerated for the first offense during most of the interval." (Citations omitted.) *Banks v. State*, 250 Ga. App. 728, 730 (3) (552 SE2d 903) (2001); accord *Davis v. State*, 226 Ga. App. 83, 87 (485 SE2d 508) (1997).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MAY 31, 2002.

*Dell Jackson*, for appellant.
*Paul L. Howard, Jr., District Attorney*, for appellee.