## A02A1644. HEARD v. THE STATE.
### (573 SE2d 82)

PHIPPS, Judge.

Henry James Heard was convicted of aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He appeals, contending that the trial court erred in instructing the jury. Because the record demonstrates no error, we affirm.

At trial, Demetrius Marks testified that on April 1, 2000, after a verbal exchange, Heard drew a handgun from his pocket and pointed it at him. When Marks noticed that the gun had "jammed" and that Heard had reached to pick up some shells from the ground, he ran toward Heard to disarm him. Marks testified that a struggle ensued between them, during which Heard shot him four times.

Several family members and friends were present during the incident. Heard testified that Marks and Marks's friend were making threatening moves toward him and that he displayed the gun only to scare them away. He testified that Marks's friend charged him, dislodging the gun, and that the gun fired about three times. Heard testified that Marks then picked up the gun and that during their struggle, it was Marks who was shooting the gun.

1. Heard contends that the trial court erred in refusing to charge the jury that "where evidence of self-defense is presented by the Defendant, the State has the burden of proving beyond a reasonable doubt that the Defendant did not act in self-defense."

Although the court did not use that exact language, the record shows that it did charge the substance of the requested charge. The court adequately covered the principles of justification, including self-defense, and instructed the jury that "[t]he State [had] the burden of proving beyond a reasonable doubt that the defendant was not justified." The court also correctly defined affirmative defense and instructed the jury that "[o]nce the issue of an affirmative defense is raised, the burden is on the State to disprove it beyond a reasonable doubt."

A trial court does not err in refusing to give a charge in the exact language requested where, as here, the charges given, in their totality, substantially and adequately covered the principles in the requested charge.[1]

2. Heard contends that the trial court erroneously charged the jury on a manner of committing aggravated assault not specified in the indictment, thus impermissibly expanding the ways in which the jury could find him guilty.

---

[1] *Parker v. State*, 242 Ga. App. 10, 12 (2) (528 SE2d 530) (2000).

The indictment charged Heard with "unlawfully mak[ing] an assault upon the person of Demetrius Marks with a deadly weapon, to wit: a .25 caliber handgun." In its charge, the trial court defined aggravated assault and both manners of committing simple assault:

> Aggravated assault is defined as an assault — as an attempt to commit a violent injury to the person of another or an act which places another person in reasonable apprehension of receiving a violent injury. A person commits the offense of aggravated assault when that person assaults another person with a deadly weapon. To constitute an assault, actual injury to the other person need not be shown. It is only necessary that the evidence show beyond a reasonable doubt an intention to commit injury on the other person, coupled with the apparent ability to commit that injury or that the other person was intentionally placed in reasonable apprehension of immediately receiving a violent injury from the defendant.

Citing *Harwell v. State*,[2] Heard argues that "this charge expanded the ways by which the jury could have convicted [him], as they could convict him based on intent and ability (as stated in the indictment) or if they found that he placed another in fear of injury (a method not stated in the indictment)."

In *Harwell*, the indictment charged the defendant with aggravated assault with the intent to rob, but the trial court instructed the jury on two methods of committing aggravated assault — the method alleged in the indictment, as well as aggravated assault with a weapon likely to cause serious bodily injury.[3] Our Supreme Court reversed the defendant's conviction for aggravated assault, holding that a defendant's due process rights are violated where the indictment charges one specific method of committing an offense, yet the trial court's instruction defines the crime as an act that could be committed in a manner other than the manner alleged in the indictment, where there is evidence supporting the unalleged method and no limiting instruction was given to the jury.[4]

But unlike in *Harwell*, the trial court in this case did not charge the jury on an unalleged alternative method of committing aggravated assault. Rather, in its charge on aggravated assault, it defined aggravated assault and both manners of committing simple assault.

---

[2] 270 Ga. 765, 766 (1) (512 SE2d 892) (1999).
[3] Compare OCGA § 16-5-21 (a) (1) with OCGA § 16-5-21 (a) (2).
[4] *Harwell*, supra.

We distinguished *Harwell* on this ground in *Merneigh v. State*,[5] where the defendant, who had been indicted for aggravated assault, contended that the simple assault charge violated his right to due process because he was never specifically charged in the indictment with one of the manners in which a simple assault could have been committed. We found no error, ruling that the trial court had not instructed the jury on a separate method of committing aggravated assault, but had "simply defined both methods in which [a simple] assault can be committed."[6]

And in *Marsh v. State*,[7] the defendant argued that the trial court erred in including in its charge both definitions of simple assault when the indictment alleged only one manner of aggravated assault. We rejected that argument, ruling that the simple assault charge did not present an improper basis on which jurors could convict the defendant of aggravated assault; rather, simple assault is a lesser included offense of aggravated assault.[8]

We find that this case is controlled by *Merneigh* and *Marsh*. Contrary to Heard's contention, the trial court did not charge a separate, unalleged method of committing aggravated assault, but simply defined both methods of committing simple assault, a lesser included offense. Furthermore, the charge tracked the suggested pattern charge on aggravated assault, which includes the statutory definitions of simple assault.[9] The record demonstrates no error.

3. Heard contends that the trial court erred by telling the jury in the preliminary and final instructions that his plea of not guilty was not evidence. Citing *Christensen v. State*,[10] he argues that the statement could have confused the jury and caused it to place the burden of proving his affirmative defense on him.

However, Heard's counsel did not object or reserve objection to the instructions, and therefore this issue was not preserved for review on appeal.[11] Furthermore, even if the contention were properly before us, it would be meritless. The challenged instructions were correct statements of the law and were not burden-shifting.[12] *Christensen* is distinguishable. The charge there, unlike here, was that a plea of not guilty is not evidence *of the defendant's innocence*, and we held that, because a defendant need not supply evidence of

---

[5] 242 Ga. App. 735, 737 (2), n. 3 (531 SE2d 152) (2000).
[6] Id.
[7] 254 Ga. App. 342, 343-344 (2) (a) (562 SE2d 269) (2002).
[8] Id. at 344.
[9] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, pp. 91-92 (2nd ed. 2001); OCGA § 16-5-20 (a).
[10] 245 Ga. App. 165, 169 (6) (537 SE2d 446) (2000).
[11] See *Spear v. State*, 270 Ga. 628, 631 (5) (513 SE2d 489) (1999).
[12] See *Griffin v. State*, 265 Ga. 552, 554-555 (8) (458 SE2d 813) (1995).

his innocence, that charge was confusing.[13] The charge here did not imply that Heard had any evidentiary burden, and it was in accordance with the suggested pattern jury instruction.[14] Moreover, our review of the entire charge shows that the court properly instructed the jury on Heard's presumption of innocence and the State's burden to prove his guilt beyond a reasonable doubt.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 6, 2002.

*Thomas O. Humphries, Jr.*, for appellant.
*W. Kendall Wynne, Jr., District Attorney*, for appellee.

---

[13] *Christensen,* supra at 169.
[14] Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 6 (2nd ed. 2001); see also *Morgan v. State,* 275 Ga. 222, 226 (8) (564 SE2d 192) (2002).