## A03A1539. GROVES v. THE STATE.
### (590 SE2d 136)

MILLER, Judge.

Following a jury trial, Gene Royce Groves was convicted on four counts of sexual assault against a student enrolled in school and on two counts of cruelty to children. On appeal he asserts seven enumerations of error, all of which we find to be without merit. We therefore affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Groves, a school teacher and football coach, touched a student's breasts on two separate occasions while the student was in

his classroom — once outside of the student's clothing and once underneath her clothes. Groves also showed a computer screen image to the student that he claimed was his penis. The student felt sick and uneasy about the incidents with Groves, and one of her teachers even recommended that the student seek counseling to deal with her excessive feelings of pain and guilt.

Groves also had sex with another student, a cheerleader, on two occasions. Groves supervised this student as a part of the "teacher cadet" program. The student felt as though the sexual encounters were wrong, and following the incidents she went into therapy.

Police who investigated Groves retrieved several pornographic images from the hard drive of a computer seized from his home. The images depicted young girls, many of whom wore cheerleader uniforms, engaging in various sex acts, and one picture displayed a man's penis. These images were later admitted at trial over objection from Groves's counsel.

In the year leading up to Groves's trial, there were several newspaper articles and media reports regarding alleged sexual misconduct of teachers at Groves's school. Specifically, two other teachers at Groves's school had been accused (and eventually pled guilty) to allegations of sexual misconduct with students, and Groves was the third teacher from the school to face such allegations.

On the day that Groves's trial was scheduled to begin, Cherokee County was recognizing National Child Abuse Awareness month. In connection with this event, a lunch-time barbecue was taking place across the street from the courthouse to recognize the victims of child abuse, and over 1,000 colored pinwheels were on the lawn of the courthouse to symbolize each of the Cherokee County victims of child abuse. Two people at the barbecue were wearing "juror" badges from the courthouse, but no jury had yet been selected for Groves's trial, as jury selection did not begin until after lunch time.

Prior to jury selection, several media groups requested to have cameras in the courtroom during Groves's trial. The State objected to cameras being in the courtroom, but Groves did not. The court allowed the cameras over the State's objection. Despite the media attention prior to and during the trial, Groves made no request for a continuance; he did not object to the composition of the jury; and he did not request a change of venue.

The court refused to give Groves's requested charge on cruelty to children and instead gave its own charge on cruelty to children. The jury found Groves guilty on all of the charges against him.

Groves filed a motion for new trial, and following a hearing on the motion, the trial court orally denied the motion on the grounds that Groves raises in this appeal. Before a written order was entered, however, Groves filed a motion to reopen the evidence so that the

court could consider affidavits from Groves and his trial counsel stating that one of the jurors present at the Child Abuse Awareness barbecue was a juror in Groves's trial. The trial court denied the motion, and following the entry of the written order denying the motion for new trial, Groves appeals.

1. In his first enumeration, Groves contends that he was denied the right to a fair trial because of the extensive media coverage surrounding his case, and the existence of the Child Abuse Awareness barbecue across the street from the courthouse on the same day that jury selection was scheduled to take place for his trial. However, the record reveals that Groves failed to request a continuance or a change of venue before trial began. See, e.g., *Miller v. State*, 275 Ga. 730, 733-734 (3) (571 SE2d 788) (2002) (defendant moved for continuance due to recent local and national media coverage on other youth crimes, which motion was denied); *Peebles v. State*, 196 Ga. App. 176, 178-179 (2) (395 SE2d 640) (1990) (defendant moved for change of venue due to extensive media coverage that could have affected potential jurors, and the motion was denied). To the contrary, he announced that he was ready to proceed when the case was called and made no motions to attempt to alter the circumstances of his trial with respect to the media coverage. To the extent that any error could have resulted from the extensive media coverage surrounding the case, media coverage of which Groves was well aware prior to trial, such error was induced by Groves's own actions in consenting to proceed in Cherokee County despite the extensive media coverage surrounding his case. "One cannot complain of a result he induced, procured or aided in causing." (Citations omitted.) *Hood v. State*, 216 Ga. App. 106, 108 (2) (453 SE2d 128) (1995).

2. In two enumerations, Groves argues that the evidence was insufficient to sustain his convictions for sexual assault against a student enrolled in school and cruelty to children. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person with supervisory authority over a student can be guilty of sexual assault against a student enrolled in school when he engages in sexual contact with the student. See OCGA § 16-6-5.1 (b). To be guilty of cruelty to children in the first degree, a person must "maliciously cause[ ] a child under the age of 18 cruel or excessive physical or mental pain." OCGA § 16-5-70 (b).

Here, both victims testified as to their sexual encounters with Groves. The incidents with one of the victims took place in Groves's classroom (where he would have had supervisory authority over the student), and the other incidents involved a student over which Groves had direct supervisory control. Evidence also supported findings that Groves's intentional encounters with the students caused them excessive mental pain, as one of the students was emotionally distraught and the other sought therapy following the incidents. The issues whether Groves acted maliciously and whether he caused excessive mental pain to the victims were for the jury to resolve. See *Sims v. State*, 234 Ga. App. 678, 679-681 (1) (a), (b) (507 SE2d 845) (1998). The evidence sufficed to sustain the convictions. See OCGA §§ 16-6-5.1 (b); 16-5-70 (b).

3. In two enumerations, Groves contends that the trial court erred in its charge on cruelty to children and in failing to give his requested charge on cruelty to children. However, a review of the jury charge reveals that the court properly charged the jury on all elements of the crime, and that the charge was not confusing or misleading even though it was not given in the exact words requested by Groves. The trial court did not err in its charge on cruelty to children or its refusal to give Groves's requested charge. See *Hendrix v. State*, 230 Ga. App. 604, 606 (2) (497 SE2d 236) (1997); see also *Heard v. State*, 257 Ga. App. 315 (1) (573 SE2d 82) (2002) (trial court does not err in refusing to give charge in exact language requested where the charges given adequately cover the principles in the requested charge).

4. Groves argues that the trial court erred in admitting the pornographic images from his computer hard drive as evidence at trial. We disagree.

As the Supreme Court of Georgia made clear in *Simpson v. State*, 271 Ga. 772, 774 (1) (523 SE2d 320) (1999):

> In a prosecution for a sexual offense, evidence of sexual paraphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity. Under this rule, sexually explicit material cannot be introduced merely to show a defendant's interest in sexual activity. It can only be admitted if it can be linked to the crime charged.

Here, the majority of the pornographic images involved young girls, many of whom wore cheerleading uniforms, and one picture even depicted a man having sex with a cheerleader. The victim with whom Groves was accused of having sex was a cheerleader. The one

picture from the hard drive that did not depict a girl showed a man's penis, and the other victim whom Groves sexually assaulted testified that Groves showed her a computer image of a penis that he claimed was his penis. The trial court did not err in admitting the pictures. See *Schwindler v. State*, 254 Ga. App. 579, 584 (5) (563 SE2d 154) (2002) (pornographic photos depicting the very act of which defendant is accused are admissible); *Altman v. State*, 229 Ga. App. 769, 771 (4) (495 SE2d 106) (1997) (pornographic incest video admissible where victim testified that defendant showed her such a video).

5. Groves urges that the trial court erred in failing to reopen the evidence in connection with his motion for new trial to consider affidavits from him and his trial counsel. However, even assuming the trial court erred, such error would have been harmless. The admission of the affidavits would not have changed the fact that there was no evidence of actual juror bias presented at the motion for new trial hearing. Moreover, although voir dire was not recorded at trial, we see no reason why Groves's counsel could not have inquired about whether any potential jurors had attended the Child Abuse Awareness barbecue on the day of jury selection and whether they were influenced by such attendance. Indeed, Groves did not even challenge the final selected jury. We find no harmful error from the trial court's refusal to reopen the motion for new trial evidence after the completion of the hearing.

*Judgment affirmed. Ruffin, P. J., concurs. Smith, C. J., concurs specially.*

SMITH, Chief Judge, concurring specially.

I fully concur with all that is said in the majority opinion. I write separately to draw attention to Groves's apparent attempt to manipulate the judicial proceedings in this case, as shown by his post-trial arguments that he was denied a fair trial due to the "hostile environment" surrounding the courthouse.

In an apparent attempt to use the circumstances to Groves's advantage, his counsel appears to have employed a deliberate strategy of ignoring the serious issues raised by the physical and logistical situation occasioned by the barbecue across the street from the courthouse. No attempt was made to ameliorate the possibility of prejudicial impact by seeking *any* pre-trial intervention by or ruling from the trial court. Only after the jury reached an unfavorable verdict did Groves raise any issue concerning the courthouse environment.

It is axiomatic that "[a] party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." (Citation and punctuation omitted.) *Pye v. State*, 269 Ga. 779, 787 (14) (505 SE2d 4) (1998). This rule is designed to address the exact type of conduct engaged in here. At a time when

redress easily could have been sought, trial counsel chose to ignore the obvious potential for injustice in hope of a favorable verdict. Then, when the desired result was not obtained, Groves argued that "plain error" had occurred. But as stated in the majority opinion, if error occurred, Groves induced it. The essence of Groves's position is that because the trial did not result in an acquittal, it was a nullity. This mockery of the trial and appellate process cannot be condoned.

DECIDED OCTOBER 2, 2003 —
RECONSIDERATION DENIED OCTOBER 29, 2003 — 

Debra H. Bernes, Nancy I. Jordan, for appellant.
Garry T. Moss, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney, for appellee.