## A04A1214. PHILLIPS v. THE STATE.
(604 SE2d 520)

ELLINGTON, Judge.

A Douglas County jury convicted James Manuel Phillips, Jr. of child molestation, OCGA § 16-6-4 (a); two counts of sexual exploitation of a child, OCGA § 16-12-100; two counts of theft by receiving stolen property, OCGA § 16-8-7; and obstruction of a law enforcement officer, OCGA § 16-10-24. Following the denial of his motion for new trial, Phillips appeals, challenging the sufficiency of the evidence and certain evidentiary rulings. For the reasons which follow, we affirm in part and reverse in part.

---

Viewed in the light most favorable to the prosecution,[1] the record shows the following facts. In March 1998, Phillips began renting a room in a woman's house. The homeowner had two daughters, five-year-old C. L. and three-year-old K. L. Phillips shared meals, leisure activities, and chores with the family. The homeowner regularly did Phillips' laundry and, with Phillips' permission, entered his room to put folded laundry away in his dresser. Phillips allowed the homeowner and her two daughters to use his computer and television, and they entered his room freely both when he was present and when he was absent.

In May 1998, the homeowner learned that Phillips had pawned two pieces of her jewelry. She called the police to report the theft. While waiting for investigators to arrive, the homeowner went into Phillips' room and looked for other missing jewelry in his dresser, where she discovered a bag of marijuana. She left the dresser drawer open and informed the first officer to arrive of her discovery. An investigator accompanied the homeowner to the threshold of Phillips' bedroom and, without entering Phillips' room, saw the marijuana. The investigator then left the house to get a warrant to search Phillips' room for illegal drugs.

While the investigator was seeking the warrant, Phillips called the house and asked why the police were at the house. Later, while the initial search was in progress, the homeowner saw Phillips drive by the house and alerted the investigators. An officer followed Phillips but was unable to catch him before he abandoned his vehicle and fled.

While searching Phillips' room pursuant to the search warrant, investigators found in the closet, among other items, a collection of panties (some of which were soiled) belonging to C. L. and K. L., and a box of pornographic magazines. After investigators discovered the panties and the pornography, the homeowner told investigators that C. L.'s vulva had been red, irritated, and painful for the preceding few weeks. One investigator seized several items immediately; a crime scene investigator arrived several hours later and collected the panties and pornography. Upon processing the evidence, investigators found three computer-printed nude photographs of C. L. between the pages of a pornographic magazine titled "Barely Legal." During videotaped interviews of C. L. and K. L., both girls told an investigator that Phillips had bathed them, washed their genital areas with his hand, and photographed them naked. The homeowner had never given Phillips permission to bathe her daughters or to photograph them naked, and she did not know that he had done so.

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

The next day, investigators obtained a second warrant to search Phillips' room, including his computer, for any evidence of the crime of child molestation. The homeowner provided investigators with photographic negatives from a roll of film Phillips shot, which ultimately produced photographs showing C. L. and K. L., naked, during and after a bath. An undeveloped roll of film found in Phillips' camera produced similar pictures of the girls. The homeowner later discovered a videotape of Phillips masturbating with the girls' panties and turned it over to the police.

For a year after the homeowner first contacted the police about the pawned jewelry and the resulting searches of Phillips' room, Phillips was a fugitive. He was returned to Douglas County to face these charges after being arrested in Montana on a traffic violation. During an interview, Phillips admitted bathing the children, washing C. L.'s genital area with his hand, and taking the photographs. At trial, this statement was introduced against Phillips.

The jury convicted Phillips of molesting C. L., of sexually exploiting C. L. and K. L. by taking the nude photographs, of theft by taking the two items of jewelry recovered from the pawnshop, and of obstruction by fleeing.[2]

1. Phillips contends the trial court abused its discretion in denying his motion to suppress evidence seized as a result of a warrantless search of his bedroom. We apply the following standard of review to the trial court's ruling: "A trial court's order on a motion to suppress will not be disturbed if there is any evidence to support it, and the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. We construe all evidence presented in favor of the trial court's findings and judgment." (Citations and punctuation omitted.) *Powers v. State*, 261 Ga. App. 296, 297 (582 SE2d 237) (2003). However, "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

Phillips characterizes two actions as warrantless searches: (1) the homeowner entering Phillips' room and opening a drawer, and (2) an investigator standing at the door to Phillips' room and looking into the open drawer. With regard to the homeowner's conduct, the uncontroverted evidence established that the homeowner had no contact with any government agent until after she opened the drawer. It is well established that

---

[2] The jury found Phillips not guilty of the marijuana charge.

[t]he protection afforded by the Fourth Amendment pro-
scribes only governmental action and is wholly inapplicable
to a search or seizure, even an unreasonable one, effected by
a private individual not acting as an agent of the govern-
ment or with the participation of a government official. The
test is whether the private individual, in light of all the
circumstances of the case, must be regarded as having acted
as an "instrument" or agent of the government when he
produced the evidence.

(Footnote omitted.) *Pruitt v. State*, 263 Ga. App. 814, 818 (2) (589
SE2d 591) (2003). In this case, the warrantless search provided no
basis to suppress the evidence because the homeowner acted entirely
without governmental involvement. Id. at 818-819 (2).

With regard to the investigator looking into Phillips' room, the
uncontroverted evidence established that the homeowner in this case
invited the officers into her house and that the investigators never
entered Phillips' quarters before obtaining a warrant. "A police officer
who observes contraband in plain view is entitled to seize it, so long
as he is at a place where he is entitled to be, i.e., so long as he has not
violated the defendant's Fourth Amendment rights in the process of
establishing his vantage point." (Punctuation and footnote omitted.)
*Osment v. State*, 256 Ga. App. 591, 592 (569 SE2d 262) (2002). Under
the circumstances presented here, because the investigator saw the
marijuana in plain view while standing in a place he had a right to be,
there was no unlawful warrantless search. *Rowe v. State*, 184 Ga.
App. 437, 437-438 (1) (361 SE2d 705) (1987). The trial court did not
abuse its discretion in denying Phillips' motion to suppress.

2. Phillips contends the trial court abused its discretion in
denying his motion to suppress evidence seized after investigators
secured the first search warrant, arguing the scope of the search
exceeded the warrant. Specifically, Phillips points to the report of
items seized after execution of the first search warrant, which
included items found on Phillips' desk and in his closet, such as pawn
receipts, correspondence, checks, computer disks, and an undevel-
oped roll of film. Phillips argues that the search should have been
confined to the one drawer where the homeowner found the bag of
marijuana and that investigators should have seized only items that
could immediately be seen to be incriminating.

In this case, the first search warrant authorized investigators to
search Phillips' bedroom for illegal drugs. Because drugs can be
secreted in small spaces, the scope of the search by definition included
the interior of drawers, closets, and containers. *Whittington v. State*,
165 Ga. App. 763, 764 (302 SE2d 617) (1983). Thus, the investigators
did not exceed the scope of the warrant by searching Phillips' closet.

Id. While lawfully searching the closet for drugs, the investigators observed evidence and learned of circumstances amounting to probable cause to believe Phillips had committed child molestation. "An officer in the process of executing a lawful search warrant is authorized under OCGA § 17-5-21 (b) . . . to seize any stolen property, contraband, or other item, other than private papers,[3] which he has probable cause to consider tangible evidence of the commission of a crime, even though the property is not listed in the warrant." (Citations omitted.) Id. For this plain view doctrine to apply, the State must show that the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be seen and that the incriminating character of the evidence was immediately apparent. *Nichols v. State*, 210 Ga. App. 134, 136-137 (3) (d) (435 SE2d 502) (1993). See *Horton v. California*, 496 U. S. 128, 135 (110 SC 2301, 110 LE2d 112) (1990). Considering all the circumstances, the investigators in this case had probable cause to consider the panties and pornography tangible evidence of child molestation. The investigators were authorized to seize the evidence under the plain view doctrine. *McBee v. State*, 228 Ga. App. 16, 21-22 (3) (491 SE2d 97) (1997); *Jefferson v. State*, 199 Ga. App. 594, 595 (405 SE2d 575) (1991), sentences vacated on other grounds, 205 Ga. App. 687 (423 SE2d 425) (1992); *Grant v. State*, 198 Ga. App. 732, 735 (2) (403 SE2d 58) (1991). Finally, evidence may be lawfully "seized" without being immediately physically transported away from the crime scene. The fact that a third investigator, who had training in processing crime scenes, physically collected the evidence several hours after the responding officers discovered the evidence and secured the area did not diminish the lawfulness of the seizure. For the foregoing reasons, the trial court did not abuse its discretion in denying Phillips' motion to suppress evidence seized pursuant to the first search warrant.

3. Phillips contends the trial court abused its discretion in admitting evidence pursuant to the child hearsay statute, OCGA § 24-3-16,[4] without making a threshold determination of the declarants' reliability. At trial, Phillips objected to evidence of C. L.'s and K. L.'s out-of-court statements that Phillips washed their genital areas with his hand on the basis that OCGA § 24-3-16 did not apply because the

---

[3] Phillips does not contend that the checks, correspondence, and pawn receipts fell within the private papers exception.

[4] OCGA § 24-3-16 provides:

A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

statements did not describe any act of sexual contact performed with or on the child. Phillips has not shown, however, that he raised the issue of reliability at trial.

> It is well settled that no issue is presented for appellate review regarding a question of evidence admissibility as to which the trial court was not called to rule upon at trial. In order to raise on appeal an impropriety regarding the admissibility of evidence, the specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground.

(Citations and punctuation omitted.) *Winter v. State*, 252 Ga. App. 790, 791 (1) (557 SE2d 436) (2001). Because Phillips did not challenge at trial the reliability of the children's statements, he may not raise the issue on appeal. Id.; *Watts v. State*, 246 Ga. App. 367, 369 (3) (a) (541 SE2d 41) (2000), rev'd on other grounds, 274 Ga. 373 (552 SE2d 823) (2001).

4. Phillips contends the trial court abused its discretion in admitting certain photographs, arguing the photographs were irrelevant to the charge of child sexual exploitation.

> The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value, and evidence is relevant if it renders the desired inference more probable than it would be without the evidence. . . . [T]he admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion.

(Citations and punctuation omitted.) *O'Neal v. State*, 254 Ga. 1, 3 (3) (325 SE2d 759) (1985).

The 16 photographs admitted against Phillips showed the victims naked in a bathtub and at play. OCGA § 16-12-100 (b) (1) prohibits "knowingly . . . us[ing] . . . any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual medium depicting such conduct." Sexually explicit conduct is defined, in relevant part, as "[m]asturbation," "[l]ewd exhibition of the genitals or pubic area of any person," or "[p]enetration of the vagina or rectum by any object except when done as part of a recognized medical procedure." OCGA § 16-12-100 (a) (4) (C), (D), (I).

(a) In one of the photographs, State's Exhibit 52, K. L.'s hands were placed in such a way that the photograph could be construed as depicting her masturbating, although her genitals were not visible in

the photograph. Thus, State's Exhibit 52 was relevant to Count 3 of the indictment, and the trial court did not abuse its discretion in admitting it. OCGA § 16-12-100 (a) (4) (C).

(b) In four of the photographs, State's Exhibits 11, 43, 50, and 51,[5] the genitals of one or both of the children are visible. The sexual exploitation statute does not define "[l]ewd exhibition of the genitals or pubic area." We have reversed convictions based on photographs showing children with their genitals partially or completely exposed but where the children were shown engaged in innocent, nonsexual activities, such as sleeping, "just sitting," playing with a toy, or climbing a wall. *Craft v. State*, 252 Ga. App. 834, 840-842 (1) (558 SE2d 18) (2001). In these four photographs, showing the children taking a bath or running around the house playing, the children's genitals are not exhibited in an objectively lewd way. Id. Thus, "the conduct is not within the precise language of the statute," and these four photographs would be insufficient without more to support a conviction on sexual exploitation charges. Id. at 841 (1) (a). See Division 9, infra. On the other hand, given the totality of the evidence, these four photographs could support an inference that Phillips' interest in the girls was sexual in nature. See *Craft v. State*, 252 Ga. App. at 840-841 (1) (a), 843 (photographs showing children's exposed genitals, even though the genitals were not lewdly exhibited, "evidence[d] conduct by the defendant that was despicable and perverted, i.e., surreptitiously photographing the genitals of children"). Accordingly, the trial court was authorized to find these four photographs were probative of the transaction which included the creation of State's Exhibit 52; the photographs were therefore relevant to Count 3, which charged Phillips with sexually exploiting K. L. Id. Furthermore, these four photographs were relevant to Phillips' intent on Count 1 of the indictment, which charged him with molesting C. L. by rubbing her vaginal area with the intent to satisfy his sexual desires. *State v. Tyson*, 273 Ga. 690, 694 (4) (544 SE2d 444) (2001). The trial court did not abuse its discretion in admitting the photographs.

(c) Eleven of the photographs, State's Exhibits 10, 12, 40-42, and 44-49, show neither an act of masturbation nor the subject's genitals or pubic area. Taken with the other nude photographs of C. L. and K. L. discussed above, however, these 11 photographs were also relevant to show that Phillips' interest in the girls was sexual in nature. Accordingly, for the reasons given in Division 4 (a) and (b), the trial court did not abuse its discretion in admitting the photographs.

---

[5] We note that in State's Exhibit 52, which we held was relevant under OCGA § 16-12-100 (a) (4) (C), Division 4 (a), supra, C. L.'s genitals are also visible but are not lewdly exhibited.

5. Phillips contends the trial court abused its discretion in admitting sexually explicit evidence which was not connected to the crimes charged, in violation of the rule laid down in *Simpson v. State*, 271 Ga. 772 (523 SE2d 320) (1999). The challenged evidence consisted of a videotape of Phillips masturbating, sexually explicit magazines and photographs, and certain testimony. In *Simpson v. State*, the Supreme Court of Georgia set out the following rule:

> [i]n a prosecution for a sexual offense, evidence of sexual paraphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity. Under this rule, sexually explicit material cannot be introduced merely to show a defendant's interest in sexual activity. It can only be admitted if it can be linked to the crime charged.

Id. at 774 (1).

(a) Phillips challenges the admission of State's Exhibit 55, a two-minute segment of a videotape of Phillips masturbating using C. L.'s panties, along with other props. Because the videotape segment supported an inference that Phillips had a sexual interest in C. L., it was linked to the charge that Phillips molested C. L. by rubbing her vaginal area. *Groves v. State*, 263 Ga. App. 828, 831-832 (4) (590 SE2d 136) (2003). Accordingly, the trial court did not abuse its discretion in admitting the videotape to show Phillips' lustful disposition toward the unlawful sexual activity with which he was charged. Id.

(b) Phillips challenges the admission of State's Exhibits 18-32, consisting of pornographic magazines and photographs. Phillips contends the magazines and photographs "depicted women 18 years and older who may look younger but in no way resemble 5 and 7 year olds." The State argues, on the other hand, that the pornography featured "young looking girls" and was admissible to show Phillips' "interest in sexual activities involving young women." With regard to State's Exhibit 18, a magazine titled "Barely Legal," the evidence showed that nude photographs of C. L. were found between the pages of the magazine. Again, the discovery of a pornographic magazine with nude photographs of C. L. tucked inside supported an inference that Phillips had a sexual interest in C. L., linking it to the charge that Phillips molested her. *Groves v. State*, 263 Ga. App. at 831-832 (4). Accordingly, the trial court did not abuse its discretion in admitting State's Exhibit 18.

With regard to the remaining pornography, however, we cannot find that the evidence was linked to the crimes charged. The challenged evidence was not made a part of the record on appeal because

the district attorney's office, which had assumed custody of the trial exhibits to prepare a response to Phillips' motion for new trial, allowed State's Exhibits 18-32 to be destroyed. Because the State failed to preserve evidence in its custody, this Court cannot in any meaningful way review under *Simpson v. State* the trial court's finding that the evidence showed Phillips' lustful disposition toward child molestation or his bent of mind to engage in that activity. In the absence of the exhibits, due process demands that we give this criminal defendant the benefit of the doubt and hold that the trial court abused its discretion in admitting the evidence.[6] Even assuming the trial court abused its discretion in admitting pornography which was not linked to the crimes charged,[7] however, the error was harmless in light of the overwhelming evidence against Phillips on the issue of his intent in rubbing C. L.'s genital area, particularly the videotape of him masturbating with her panties, and, under these peculiar circumstances, offers no basis for reversal.[8] *State v. Tyson*, 273 Ga. at 694 (4); *Lunsford v. State*, 260 Ga. App. 818, 823 (4) (581 SE2d 638) (2003). Compare *McDonald v. State*, 249 Ga. App. 1, 2 (1) (548 SE2d 361) (2001) (harmless error analysis inappropriate where State produced no physical evidence of the alleged acts and defendant denied committing the acts); *Frazier v. State*, 241 Ga. App. 125, 126-127 (1) (524 SE2d 768) (1999) (accord).

(c) Phillips challenges the admission of testimony that certain items were found hidden in his room, specifically, two undergarments belonging to the homeowner, a pair of women's shoes, and pornographic magazines. First, we note that it is not clear whether *Simpson v. State* "prohibits oral testimony regarding a defendant's possession of pornographic materials, as opposed to admission of the materials themselves." (Citations omitted.) *Burk v. State*, 253 Ga. App. 272, 273 (1) (558 SE2d 726) (2001). As to the testimony concerning the undergarments and shoes, we agree that those items were not linked to the crimes charged. See *Frazier v. State*, 241 Ga. App. at 126 (1). As to testimony concerning the magazines, because we have held the magazines themselves were inadmissible, with the exception of State's Exhibit 18, testimony regarding the discovery of the magazines was, at best, irrelevant. See Division 5 (b), supra. Again,

---

[6] We take this opportunity to remind trial courts, clerks of court, law enforcement agencies, and other records' custodians across the state of their important statutory duties regarding preservation of evidence. See OCGA §§ 17-5-53 through 17-5-56. See also OCGA §§ 50-18-90 through 50-18-103 (Georgia Records Act); Superior Courts Common Records Retention Schedules (on file with the Georgia Administrative Office of the Courts); Court of Appeals Rule 21 (trial court clerk to transmit physical evidence to this Court when so directed).

[7] *Simpson v. State*, 271 Ga. at 774; *Frazier v. State*, 241 Ga. App. 125, 126-127 (1) (524 SE2d 768) (1999).

[8] See Divisions 4 and 5 (a), supra.

however, any error in admitting this testimony was harmless in the face of other evidence regarding Phillips' intent in rubbing C. L.'s genital area. Id.

6. Phillips contends the trial court abused its discretion in admitting evidence of other bad acts, specifically, evidence that Phillips had committed the crimes of issuing bad checks and forgery and evidence that he was arrested in Montana. The decision to admit evidence of other bad acts of a criminal defendant is within the trial court's discretion and will not be disturbed absent abuse. *Jones v. State*, 255 Ga. App. 609, 611 (565 SE2d 915) (2002). See OCGA § 24-2-2 ("The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct."); *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991) (establishing three-prong test for similar transactions); Uniform Superior Court Rule 31.3 (B) (procedure for admission of evidence of similar transactions).

(a) The State asked the pawnshop owner the following preliminary question, "How do you know the defendant, Mr. Phillips?" The witness responded, "Mr. Phillips used to come in the pawn shop shortly after I opened. The first real[ ] encounter . . . I had with him was I'd gotten a bad check and it turned out to be forged and stolen." Phillips objected and moved for a mistrial. The trial court overruled Phillips' objection, instructed the State to "stay away from that area," and denied Phillips' motion for a mistrial. Phillips acquiesced in the trial court's suggestion that there was no "safe" curative instruction it could give. When testimony resumed, the State asked the pawnshop owner to describe the nature of his relationship with Phillips. The witness responded that they had a business relationship, in that Phillips pawned items at the shop many times over the course of four years, as well as a friendship "after [they] got the check thing straightened out." Phillips did not object to the second reference to the forged check. Because Phillips acquiesced in the trial court's recommendation not to give curative instructions and failed to object to the witness's later reference to "the check thing," despite the trial court's instruction to avoid the subject, Phillips failed to preserve this alleged error. *Watkins v. State*, 206 Ga. App. 701, 705 (4) (426 SE2d 238) (1992); *Edwards v. State*, 200 Ga. App. 580, 584 (3) (408 SE2d 802) (1991).

(b) As background to the introduction of Phillips' inculpatory statement, the State asked the interviewing officer what Phillips said about how he came to return to Douglas County. The officer responded, "He told me that he had gone to Montana and that he had gotten a traffic ticket or something[,] and they ran his prints[,] and then that's how . . . they found out there [were] charges [in Douglas

County]." The record reveals that Phillips failed to object, to seek curative instructions, or to move for a mistrial at the time of the testimony, and therefore this claim of error is waived on appeal. *Dukes v. State*, 273 Ga. 890, 892 (3) (a) (548 SE2d 328) (2001).

7. Phillips contends the trial court abused its discretion in refusing to charge the jury on sexual battery as a lesser included offense of child molestation. The record, however, does not support Phillips' claim that he requested such a charge in writing. "The failure to give an unrequested charge is reversible error when the omission is clearly harmful and erroneous as a matter of law in that the charge as given fails to provide the jury with the proper guidelines for determining guilt or innocence." (Citations and punctuation omitted.) *Kennedy v. State*, 277 Ga. 588, 591 (3) (592 SE2d 830) (2004). In this case, the charge as given did not fail to provide the jury with such guidelines, and Phillips waived any other error by failing to request the charge in writing. *Smith v. State*, 277 Ga. 213, 217 (9) (586 SE2d 639) (2003).

8. Phillips contends the evidence was insufficient to convict him of child molestation, arguing there was no evidence that, when he washed C. L.'s genital area, he did so with an intent to satisfy his sexual desires. On appeal, this Court reviews the evidence presented in the light most favorable to the jury's verdict, and the defendant no longer enjoys a presumption of innocence. *Jackson v. Virginia*, 443 U. S. at 319. We do not judge the credibility of the evidence or weigh the evidence presented, but only determine whether there was sufficient evidence for a rational trier of fact to determine that the defendant is guilty beyond a reasonable doubt of the crimes charged. Id.

"Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this. OCGA § 16-2-6." *Branam v. State*, 204 Ga. App. 205, 206 (1) (419 SE2d 86) (1992). In determining the intent with which an act is done, the jury may consider the defendant's words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. OCGA § 16-2-6. "The intent with which an act is done is peculiarly a question of fact for determination by the jury[,] and even when a finding that the accused had the intent to commit the crime charged is supported by evidence which is exceedingly weak and unsatisfactory the verdict will not be set aside on that ground." (Citation and punctuation omitted.) *Branam v. State*, 204 Ga. App. at 205-206 (1). "[A] reviewing court will not disturb a factual determination by the jury on intent unless it is contrary to the evidence and clearly erroneous." (Citation and punctuation omitted.) Id. at 205 (1).

In this case, there was significant inferential evidence, from his conduct, that Phillips rubbed C. L.'s genital area for the purpose of

arousing his own sexual desires: bathing C. L. without her mother's knowledge, photographing C. L. in the nude without her mother's knowledge, placing nude photographs of C. L. between the pages of a pornographic magazine depicting young women, and masturbating with C. L.'s panties and videotaping himself doing so. A rational jury could infer from these acts that Phillips touched C. L. with the intent to satisfy his sexual desires. *Ney v. State*, 227 Ga. App. 496, 497-498 (1) (489 SE2d 509) (1997); *Branam v. State*, 204 Ga. App. at 205-206 (1). The evidence was sufficient to find Phillips guilty beyond a reasonable doubt of child molestation.

9. Phillips contends the evidence was insufficient to convict him of sexual exploitation.

(a) As we held in Division 4 (b) and (c), supra, the State introduced no evidence that Phillips used C. L. for the purpose of producing any visual medium depicting any sexually explicit conduct. Accordingly, there was insufficient evidence for the jury to convict Phillips as to Count 2 of the indictment, and we reverse his conviction on Count 2. *Craft v. State*, 252 Ga. App. at 840-842 (1).

(b) With regard to Count 3 of the indictment, sexual exploitation of K. L., State's Exhibit 52 arguably supports an inference that Phillips used K. L. to engage in masturbation for the purpose of producing photographs depicting such sexually explicit conduct, in violation of OCGA § 16-12-100 (a) (4) (C). See Division 4 (a), supra. In its charge to the jury, however, the trial court defined "sexually explicit conduct" as follows: "actual or simulated lewd exposition of the genitals or pubic area of any person or penetration of the vagina or rectum by any object except when done as part of a recognized medical procedure." See OCGA § 16-12-100 (a) (4) (D), (I). The evidence was insufficient for a rational trier of fact to find Phillips guilty beyond a reasonable doubt of sexual exploitation under either of the methods of committing the crime contained in the jury charge. *Craft v. State*, 252 Ga. App. at 840-842 (1). See Division 4, supra.

Nor can the conviction stand on the basis that the evidence supported finding Phillips guilty under OCGA § 16-12-100 (a) (4) (C). See Division 4 (a), supra. In limiting the definition of sexually explicit conduct to lewd exposition of the genitals or penetration of the vagina or rectum by any object, the charge constructively amended the indictment. *Talton v. State*, 254 Ga. App. 111, 112-113 (1) (561 SE2d 139) (2002). Because the jury was limited by the court's charge to considering only those two ways of committing the crime, the jury was not authorized to convict him of sexual exploitation under an alternative manner of committing the crime. *McVeigh v. State*, 205 Ga. 326, 339-340 (1) (53 SE2d 462) (1949); *Feagin v. State*, 198 Ga. App. 460, 462-463 (2) (402 SE2d 80) (1991); *Ross v. State*, 195 Ga. App. 624,

625 (1) (b) (394 SE2d 418) (1990). Accordingly, we reverse Phillips' conviction of Count 3 of the indictment. *Craft v. State*, 252 Ga. App. at 840-842 (1).

10. Phillips contends there was insufficient evidence to convict him of theft by receiving the two pieces of the homeowner's jewelry, arguing the evidence showed either that Phillips stole the items himself or that he did not know the items were stolen. Under OCGA § 16-8-7 (a), "[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen." Theft by taking, OCGA § 16-8-2, and theft by receiving "are two completely different crimes, having different elements, and are, in fact, so mutually exclusive that the thief and the receiver cannot even be accomplices," much less the same person. (Citation omitted.) *Sosbee v. State*, 155 Ga. App. 196, 197 (270 SE2d 367) (1980). Although, "where the principal thief is unknown, there is no burden on the state of proving that such thief was not the defendant,"[9] where direct and uncontested evidence identifies the defendant as the original thief, the defendant cannot be convicted of theft by receiving. Id. See *Dyer v. State*, 150 Ga. App. 760, 761 (258 SE2d 620) (1979) (State proved conclusively by direct evidence from an accomplice that defendant committed theft by taking the property), overruled on other grounds, *Redding v. State*, 192 Ga. App. 325 (384 SE2d 910) (1989). Cf. *Duke v. State*, 153 Ga. App. 204, 205 (264 SE2d 721) (1980) (State produced circumstantial evidence from which guilt of either theft by taking or receiving could be inferred).

In this case, no evidence identified any original thief other than Phillips. Phillips himself admitted taking the homeowner's jewelry and pawning it but claimed to be the rightful owner, i.e., he denied that it was the property of another. See OCGA § 16-8-2. Given this uncontested direct evidence that, if the property was stolen, Phillips was the original thief, Phillips' conviction on Counts 6 and 7 must be reversed. *Sosbee v. State*, 155 Ga. App. at 197.

11. Phillips contends there was insufficient evidence to convict him of obstruction of an officer, arguing there was no evidence he fled after being instructed to halt. "Misdemeanor obstruction consists of knowingly and wilfully obstructing or hindering any law enforcement officer in the lawful discharge of his duties. OCGA § 16-10-24 (a). Flight after a lawful command to halt constitutes obstruction of an officer." (Citations and punctuation omitted.) *Patterson v. State*, 244 Ga. App. 222, 224 (2) (535 SE2d 269) (2000). Cf. OCGA § 40-6-395 (a)

---

[9] (Citation and punctuation omitted.) *Duke v. State*, 153 Ga. App. 204, 205 (264 SE2d 721) (1980).

(offense of fleeing or attempting to elude a police officer after receiving a visual or an audible signal to bring a vehicle to a stop).

In this case, the officer who tried to catch Phillips never located Phillips' vehicle while Phillips was driving and, after he found the abandoned vehicle, never located Phillips on foot. Thus, the evidence established that the officer never had the opportunity to turn on his emergency lights or siren when following Phillips' vehicle, to issue a verbal command within earshot of Phillips, or otherwise to communicate a command for Phillips to halt. Accordingly, the trial court erred in denying Phillips' motion for directed verdict on Count 5, obstruction by fleeing. *Chaplin v. State,* 141 Ga. App. 788, 790 (2) (234 SE2d 330) (1977) (flight, or attempted flight, before a command to halt did not support conviction for obstruction of an officer). Cf. *Johnson v. State,* 264 Ga. App. 889, 892 (2) (592 SE2d 507) (2003) (defendant fled on foot after officer expressly verbally commanded him to stop); *Patterson v. State,* 244 Ga. App. at 224 (2) (accord).

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Miller, J., concur.*

DECIDED JUNE 22, 2004 —
RECONSIDERATION DISMISSED SEPTEMBER 16, 2004.

*Lee W. Fitzpatrick,* for appellant.
*David McDade, District Attorney, Brian K. Fortner, Christopher R. Johnson, Assistant District Attorneys,* for appellee.