A04A2163. PETTY v. THE STATE.
(610 SE2d 169)

ADAMS, Judge.

Patrick Anthony Petty appeals following his conviction for theft by receiving stolen property. We affirm.

The evidence at trial shows that Eric Gentile, a resident of Gainesville, parked his car, a black 1986 Oldsmobile Cutlass, in his driveway after arriving home from work between 11:00 and 11:30 p.m. on February 6, 2003. He removed the keys and locked the car. Early the next morning, Forsyth County Deputy Sheriff Robert Heagerty received a lookout notice for a black Oldsmobile that was "all over the roadway" traveling on State Highway 369 from Hall County. The weather was cold and rainy. Heagerty located the car on Highway 369 and pulled in behind it at 1:13 a.m. He activated his videocamera and blue lights after he saw the car weave over the yellow line and ride along the fog line.

After passing three suitable places to pull over, Petty, who was driving the Oldsmobile, pulled into a car dealership. Petty stepped out of the car before Heagerty got out of his police car, and the two met at the rear of the Oldsmobile, which was still running. Heagerty explained the reason for the stop and asked Petty for his driver's license. The officer also asked Petty why he had delayed in pulling over. Petty replied that his windows were fogged and he could not see a safe location to stop. He also said that he did not have his driver's license with him. Petty identified himself as Harrison Petty and gave a date of birth. He told the officer that the car belonged to him. The officer determined from a computer check that there was no information on "Harrison Petty" and that the car was registered to Gentile. The officer then confirmed with Petty that the car was his and asked if he knew Gentile. Petty said that Gentile was his cousin's friend and that his cousin had purchased the car from Gentile.

Petty then consented to a search of the car during which Heagerty discovered a flathead screwdriver on the front passenger seat. Another officer who had arrived on the scene noticed that there were no keys in the ignition even though the car was running. Heagerty told Petty he was going to detain him until they could determine the car's owner and moved to handcuff him, but Petty ran away. He traveled only a short distance before the officers tackled him.

The Forsyth County Sheriff's Department called Gentile at around 2:00 a.m. to tell him that they had his car. Gentile, who was unaware that his car had been stolen, determined that his car was not outside where he had left it. He recovered his car later that morning and discovered that the weather stripping around the driver's window was "partially ripped out" and the steering column had been broken. He did not recognize the screwdriver police found in his car. He testified at trial that he did not know Petty and that he did not authorize anyone to remove the car from his driveway.

1. Petty contends that this evidence was insufficient to support his conviction for possession of stolen property because he asserts that the evidence established that he was the original thief of the car. Petty argues that he could not have been found guilty of theft by receiving because an "essential element of the crime of theft by receiving is[ ] that the goods had been stolen by some person other than the accused." (Citation and punctuation omitted.) *Thomas v. State*, 261 Ga. 854, 855 (1) (413 SE2d 196) (1992). In other words, "[t]he offense of theft by receiving is intended to catch the person who buys or receives stolen goods, as distinct from the principal thief." (Citations and punctuation omitted.) *Ingram v. State*, 268 Ga. App. 149, 151 (5) (601 SE2d 736) (2004).

Petty contends that this case is governed by *Phillips v. State*, 269 Ga. App. 619 (604 SE2d 520) (2004). In that case, the evidence showed that Phillips rented a room in a woman's house. The woman contacted police after she discovered that Phillips had pawned two pieces of her jewelry. Phillips admitted taking jewelry from the house and pawning it, but claimed that the jewelry belonged to him. Id. at 631 (10). This Court reversed Phillips' conviction for theft by receiving because the evidence showed that Phillips was the principal thief; in fact, he admitted taking the property from the house. Thus, the Court held that he could not be found guilty of theft by receiving. Id.

We find this case distinguishable from *Phillips*, however, because, there is no direct evidence in this case regarding who took the car. Although Petty claimed ownership of the car, unlike Phillips, he did not admit taking the car from Gentile's driveway. In fact, he told police that his cousin had purchased the car from Gentile. The evidence, therefore, supported an inference that Petty had received the car from someone else. Moreover, we note that "in a theft by receiving

stolen property, where the principal thief is unknown, there is no burden on the State to prove that the thief was not the defendant." (Citation and punctuation omitted.) *Thomas v. State*, 218 Ga. App. 371, 373 (1) (461 SE2d 305) (1995). Accordingly, in the absence of evidence proving that Petty was the thief, the jury could infer that he was guilty of theft by receiving. See *Shaheed v. State*, 245 Ga. App. 754 (1) (538 SE2d 823) (2000); *Robinson v. State*, 215 Ga. App. 125, 126 (1) (449 SE2d 679) (1994).

2. Petty also contends that the state failed to prove that venue was proper in Forsyth County. Venue for a criminal trial lies in the county where the crime was allegedly committed, and must be established beyond a reasonable doubt through direct or circumstantial evidence. *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000); *Bruce v. State*, 252 Ga. App. 494, 498 (1) (b) (555 SE2d 819) (2001). "The issue of venue is for the jury, and if any evidence supports the jury's decision, it may not be set aside." (Citation omitted.) *Jones v. State*, 238 Ga. App. 523 (519 SE2d 279) (1999).

Petty was charged with theft by receiving pursuant to OCGA § 16-8-7. The Georgia Code provides that in a prosecution under that Code section, "the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft." OCGA § 16-8-11. Here, Deputy Heagerty testified that the car dealership where Petty finally stopped the car was in Forsyth County. Thus, the evidence established that Petty exercised control over the stolen car in Forsyth County where he was prosecuted, and this enumeration is without merit. *Kennon v. State*, 232 Ga. App. 494, 496 (2) (502 SE2d 330) (1998).

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED FEBRUARY 9, 2005.

*McFarland & McFarland, Robert P. McFarland*, for appellant.
*Penny A. Penn, District Attorney*, for appellee.