**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**August 29, 2012**

# In the Court of Appeals of Georgia

A12A1549. SCARBOROUGH v. THE STATE.

MILLER, Judge.

Following a bench trial, Jimmy Scarborough was convicted of 21 counts of sexual exploitation of a minor (OCGA § 16-12-100 (b) (8)). Scarborough filed a motion for new trial, which the trial court denied. On appeal, Scarborough contends that (1) the evidence was insufficient to support his convictions; and (2) the trial court erred in admitting photographs as evidence of lustful disposition. For the reasons set forth below, we affirm.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Footnote omitted.) *Goss v. State*, 305 Ga. App. 497 (699 SE2d 819) (2010).

So viewed, the evidence shows that in approximately July of 2008, the property manager of a motel in Augusta, Georgia, was in the process of cleaning out the former property manager's apartment when she found a CD labeled "Jimmy's Pics and Music 2006." The property manager put the CD in a bag with some other items and gave the bag to one of her tenants who was leaving the property. The tenant brought the CD back the next day, complaining that there were some "horrible pictures" on it. The owner of the motel, and the property manager's boss, told the property manger to put the CD in her office, and that he would take care of it later. As the property manager and owner were busy with other matters, the CD was forgotten about and sat in the property manager's desk for several weeks.

Scarborough was a tenant who rented a room at the motel. Scarborough had asked the property manager several times about any paperwork or CDs that had been left in the former property manager's apartment.

On or around August 6, 2008, the property manager's husband, who was the maintenance manager at the motel, located the CD when he was cleaning his wife's desk. The property manager's husband viewed the CD and told his wife what he had seen – pornographic pictures depicting children and adult men, as well as pictures of Scarborough and his family. The property manager and her husband called the police.

2

The responding officer viewed the CD at the motel property, and as he was exiting the motel office, he was stopped by a woman with a complaint of loud music from one of the motel rooms. The room to which the woman directed him was Scarborough's. After a brief discussion with Scarborough, the responding officer ran his information and discovered that there was an outstanding warrant for Scarborough's arrest. The officer arrested Scarborough and took him into custody.

The officer turned over the CD to an investigator. During his custodial interview, Scarborough admitted that he owned the CD, and that he had downloaded child pornography materials from the internet.

1. Scarborough contends that the evidence was insufficient to support his convictions for three counts of sexual exploitation of a minor. Scarborough specifically argues that the photographs attached to these counts do not depict any lewd exhibition of genitals. We disagree.

Under OCGA § 16-12-100 (b) (8), "[i]t is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." The statute defines "sexually explicit conduct" in relevant part as "[l]ewd exhibition of the genitals or pubic area of any person[.]" OCGA § 16-12-100 (a) (4) (D).

3

All three counts which Scarborough challenges on appeal allege that he knowingly possessed a visual medium which depicted a minor engaged in sexually explicit conduct, to wit: a lewd exhibition of the genitals and pubic area. The exhibits attached to these three counts depict young girls, in full frontal nudity, standing on a stage. The pubic area of the young girls is clearly exhibited in each photograph. While Scarborough does not dispute the content of the photographs, he nevertheless contends that because the children "may actually have been participants, or perhaps contestants, in some type of pageant," the photographs do not exhibit the children's genital areas in an objectively lewd way.

> Though the term ["lewd exhibition of genitals"] has not been defined in Georgia, unless an act is found not to be lewd as a matter of law, whether such act is lewd under the attendant circumstances usually is best left to a jury for determination. In this case, there was a bench trial. When the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.

(Citations, punctuation, and footnotes omitted.) *Craft v. State*, 252 Ga. App. 834, 839-840 (1) (558 SE2d 18) (2001). This Court has found photographs depicting children with their genitals partially or completely exposed are not lewd as a matter of law where the children were shown engaged in innocent, nonsexual activities, such

4

as sleeping, just sitting, playing with a toy, climbing a wall, taking a bath, or running around the house playing. See *Phillips v. State*, 269 Ga. App. 619, 625 (4) (b), 630 (9) (a) (604 SE2d 520) (2004); *Craft*, supra, 252 Ga. App. at 840-842 (1). In this case, however, it is not clear as a matter of law that the minors in the photographs were engaged in innocent, nonsexual activities. We conclude that a rational trier of fact could infer that, by being exhibited nude on stage, the young girls were engaged in the lewd exhibition of their genitals, and therefore, the evidence was sufficient to support Scarborough's convictions on the three challenged counts. Cf. *Craft*, supra, 252 Ga. App. at 840 (1) (a) (photograph depicting minor female child in the nude and in the process of taking off her clothes constituted the lewd exhibition of genitals and was sufficient to support conviction for sexual exploitation of minors).

2. Scarborough next contends that the trial court abused its discretion in admitting, over his objection, certain photographs as evidence of lustful disposition.

> The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value, and evidence is relevant if it renders the desired inference more probable than it would be without the evidence. The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion.

5

(Citation and punctuation omitted.) *Phillips*, supra, 269 Ga. App. at 624 (4).

The 20 photographs that Scarborough challenges include the depictions of his 13-year-old daughter, some of which display her posing while fully clothed, but the majority of which display her posing suggestively on a bed in a scant two-piece fairy costume. During trial, the State introduced these photographs to show Scarborough's state of mind and his predisposition of having an interest in the sexual depictions of children, including his own daughter.

Even assuming the trial court abused its discretion in admitting the photographs of Scarborough's daughter, the error was harmless in light of the overwhelming evidence against Scarborough. Cf. *Phillips*, supra, 269 Ga. App. at 627 (5) (b) ("Even assuming the trial court abused its discretion in admitting pornography which was not linked to the crimes charged, however, the error was harmless in light of the overwhelming evidence against Phillips on the issue of his intent [with respect to the charged crimes], and . . . offer[ed] no basis for reversal.") (Citations and punctuation omitted). Notably, in addition to the three exhibits discussed in Division 1 above, the remaining photographs attached to each count of the indictment display young girls performing oral sex on men, young girls being penetrated by a man's penis or finger, young girls having sexual intercourse with older men, or young girls fully nude and

6

exhibiting their genitals in a suggestive manner. Therefore, any error in admitting the additional photographs of Scarborough's daughter certainly offers no basis for reversal.

*Judgment affirmed. Mikell, P. J., and Ray, J., concur*.